Per Curiam.

*

This is a writ of error prosecuted, from a judgment of the Circuit Court of the county of St. Charles, on the petition of the plaintiffs, to have dower assigned to them in right of the wife, as the widow of Timothy Kibbe, deceased, of the premises in the petition described. The record presents the following case: The petition alledges, amongst other things, that the said Kibbe departed this life on the 24th of January, 1813, possessed of the premises in the said petition mentioned, (his mansion house,) leaving his said widow in possession thereof, where she remained for some time thereafter, and until she rented the same to the said John Collier, into which he entered, and remained until the month of May, 1815, as tenant of the *6 said widow; and alledges, that, at the last mentioned period, the said John Collier deforced the said widow of her (fewer therein. The said petition prays assignment of dower and damages for the deforcement. To this petition the defendant pleaded, first, that he was not guilty of deforcing the widow of her dower in manner and form, &c. Secondly, that the said Kibbe died insolvent, &c., and that his estate had been declared by his administrators insufficient to pay his detts. Thirdly, that the estate of the said Kibbe, at the time of his death, was insolvent and insufficient to pay his debts; wherefore, his said widow is not entitled to dower in the premises mentioned. Fourthly, that the said plaintiff, (Lockey,) was never the lawful wife of tire said Timothy Kibbe, deceased. To the second and third of the said pleas, the plaintiffs demurred generally, and took issue on the first and fourth. On the demurrer to the second and third pleas, the Circuit Court gave judgment for the plaintiffs, and continued the cause with “ leave to amend j” and on the 24th day of February, 1819, the plaintiffs filed in the Clerk’s office, another' petition, purporting to be an original petition of November term, 1817. In the minute made by the Clerk of the filing of this petition, it is called an “ amended petition,” but it is no further noticed on the . record; and at the term next after the filing of said second petition, it seems that the parties, by their attorneys, came and submitted the cause to the Court upon the “ issue joined.” In the argument of this cause, the counsel for the defendants in error, insisted that no writ of error will lie therein, because, in such proceedings, the Circuit Court is vested with a new jurisdiction, to be exercised in a summary way, and the writ of error is not provided for by the statute which gives the remedy. The exercise of common law jurisdiction, in cases of this kind, seems not to have been questioned for many years. In the reign of Edward III., the widow might have an action of dower, and the judgment therein was to recover a third of lands and tenements by metes and bounds. This, then, is not a new jurisdiction, nor is it exercised in a manner materially different from the ordinary mode of common law proceedings. Originally, the action of dower was instituted by summons, and, by the statute of Merton, damages were given for the deforcement; yet it has not been questioned that a writ of error lies, and by a statute now in force in this State, passed 3d of July, 1807, it is provided, that “ writs of error, from the final decision or judgment of any Court of Common Pleas, shall issue on demand as matter of right.” This provision is applicable to all final decisions or judgments of the Circuit Courts^ in whatever mode of proceedings they be made or rendered.
In the argument of this case, several exceptions were taken to the record of the proceedings of the Circuit Court, three only of which being principally relied on, will be taken notice of by the Court.
First. That no damages can be recovered in this mode of proceeding. Second. It is not alledged that the plaintiff in error has any interest in, or claims title to the premises in question. Third. That the judgment on the demurrer to the second and third pleas of the defendant below, ought to have been for the defendant. On the first point, the Court see no reason for reversing the judgment; the right to recover damages is given by statute, and the remedy thereby prescribed seems appropriate; and the second objection appears equally untenable. On the third point, it is the opinion of tile Court, that the judgment must be reversed; l'or although the pleas demurred to were both defective, yet the petition of the plaintiffs were likewise materially so; and the rule is, that, on demurrers, the judgment must be against the party who committed the first error. The remedy is given by the statute against. *7 whomsoever shall deforce widows of their dower, &c. In this case the petition recites that the said widow was left in possession of <Shc said mansion house, and that she rented it to the plaintiff in error, who continued to occupy, as her tenant,' until May, 1815; if, after that period, he refused to pay rent or quit the possession, she had the ordinary remedy of landlord against tenant in such case, and the Court cannot discover that any other relation than that of landlord and tenant existed between them; nor can the Court discover how the case is remedied by the second petition. It was filed in vacation, under leave to amend, which was entirely general, and equally applicable to each party. No step seems to have been taken upon it, nor is it so much as noticed in Court; but at the term next after it was filed, the case was submitted to the Court on the “ issue joined.” The issue was taken in the first petition, and the plaintiffs at no time attempt to abandon that and substitute the second in lieu of it. This could not be done but in express terms, and even then, the defendant must be ruled to plead de novo, as the abandoning of the first position would be a waiver of the issue taken thereon. It is therefore ordered, that the said judgment of the Circuit Court be reversed, and the cause remanded to the said Circuit Court of the county of St. Charles, with directions that said petitioners have leave to amend their said petition, and such proceeding be had thereon, (not inconsistent and with this decision,) as may be necessary to put said cause at issue; and that the said plaintiff in error recover against the said defendants his costs by him in his writ of error in this behalf expended.

 \Vhen it is not shown what Judge delivered the opinion of the Court, it commences thus: “Per Curiam."