PITTSBURG PLATE GLASS COMPANY, Plaintiff in Error, v. CHRISTIAN PEPER et al., Defendants in Error.

### St. Louis Court of Appeals, November 25, 1902.

1. **Practice, Trial:** DEMURRER: ANSWER: WRIT OF ERROR: PRACTICE, APPELLATE. Some defendants answered the petition by general denials and another demurred. The demurrer was sustained, and final judgment was entered for one defendant, leaving undisposed of the issues raised by the answers of the other defendants; *held*, that a writ of error to review the ruling on the demurrer was premature and should be dismissed.

2. ———: FINAL JUDGMENT: WRIT OF ERROR: PRACTICE, TRIAL. Only one final judgment should be rendered in a cause, and a writ of error is not proper where there is no final judgment. The court intimates that in the exceptional classes of cases mentioned in section 806, Revised Statutes 1899, appeal will lie but not a writ of error.

3. **Mechanics' Liens:** PRACTICE, TRIAL: CODE OF CIVIL PROCEDURE. Actions to enforce mechanics' liens are governed by the general code of practice, except in those particulars wherein the lien law makes different special provisions.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

WRIT OF ERROR DENIED.

*John M. Dickson* for plaintiff in error.

(1) The variances between the petition and lien, and the lien and notice, and between the petition and notice, are immaterial. Notice must be misleading to invalidate it. Construction Co. v. Jones, 60 Mo. App. 3, et seq. (2) It is sufficient if the lien paper states the names of the contracting parties with whom plaintiff agreed to do the work and furnish the mater-

ials. Cahill, Collins & Co., v. Ely, 55 Mo. App. 104; Boissot Mechanics' Liens, sec. 561.

*Smith P. Galt* for defendants in error.

Under section 4210, Revised Statutes, 1899, "the pleadings, practice, process and other pleadings in cases arising under this article shall be the same as in ordinary civil actions and proceedings in circuit courts, except as herein otherwise provided. The petition, among other things, shall allege the facts necessary for securing a lien under this article."

As the petition must allege the facts sufficient to constitute a cause of action, and "the facts necessary for securing a lien" (section 4210 supra), and as section 4207, Revised Statutes, 1899, requires the plaintiff preliminarily to file with the circuit clerk "a just and true account of the demand due him . . . which is to be a lien," and as there can not be an account without it is made out against some party as debtor, the name of that party must be given and truly given in the account, and "a lienor must stand or fall by the lien which he files" (Poppert v. Wright et al., 52 Mo. App. 576); and also before the account is filed (sec. 4221) the plaintiff must give the owner notice, "that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due."

BARCLAY, J.—This is an action to enforce a mechanic's lien. The plaintiff is the Pittsburg Plate Glass Company, a corporation. The defendants are Christian Peper, Josh Lowis, Josh Lowis Painting Company and Henry F. Beinke. The first-named defendant is alleged to be the owner of the land to which the lien is sought to be affixed. The other defendants are charged to be the principal and subcontractors for the erection of a building on Mr. Peper's land whereto plaintiff's materials were furnished, in circumstances which plaintiff contends entitle it to a mechanic's lien. The defendant Mr. Peper demurred

to the petition. The other defendants answered by general denials, except Mr. Beinke who was not served with process. The demurrer was sustained. Plaintiff declined to plead further and judgment was rendered for Mr. Peper, defendant. The plaintiff's action was dismissed for want of prosecution as to the other defendants. Later, on stipulation, the cause was reinstated as to the defendants who had answered. In that condition of the record plaintiff sued out the writ of error upon which it is now sought to review the ruling sustaining the demurrer. The writ is premature. The cause is yet pending and undisposed of, as to the defendants who answered. There should be but one final judgment in a cause of this nature. R. S. 1899, sec. 773; Estes v. Fry, 166 Mo. 70. A mechanic's lien action is governed by the general code of practice except in those particulars for which other provisions are made by the statute regulating procedure in actions of that sort. R. S. 1899, sec. 4246.

A writ of error requires a final judgment to support it. R. S. 1899, sec. 835. In the exceptional classes of cases wherein a review is permitted without a final judgment, the prescribed mode of review is appeal, not error. R. S. 1899, sec. 806. This case does not come within any of those classes, however, so we need not pursue that topic further.

The identical point involved in the case at bar has been determined by at least three decisions of the Courts of Appeals, following which we should dismiss the writ of error. Sater v. Hunt, 61 Mo. App. (St. L.) 228; Webb v. Kansas City, 85 Mo. App. (K. C.) 148; McVey v. Barker, 88 Mo. App. (St. L.) 513.

The writ of error is dismissed. *Bland, P. J.,* and *Goode, J.,* concur.