## THE STATE ex rel. J. HAHN BAKERY COMPANY et al. v. THOMAS L. ANDERSON, Circuit Judge.

In Banc, December 21, 1916.

1. **APPEAL: Due Process of Law.** Any person entitled by statute (Sec. 2040, R. S. 1909) to take an appeal may take the same at any time during the term at which the judgment or order complained of was rendered; and to deny him such right is to deny him due process of law, for to deny to some persons a right which is allowed to others similarly situated is to deny them due process of law.

2. ————: **Denial After New Trial Allowed and Dismissed.** After a verdict for defendant has been returned, and a motion for a new trial has been sustained on the ground that the verdict is contrary to the weight of the evidence and thereupon plaintiff dismisses the case without the knowledge or consent of defendant, defendant's application for an appeal from the order granting a new trial cannot be denied. In other words, a plaintiff, after a trial had and verdict rendered for defendant, which verdict is set aside upon plaintiff's motion for a new trial, cannot take a nonsuit pending the term at which the trial was had, against the consent of defendant who prays an appeal from the action of the court in granting the new trial.

? ———: ———: **Right of Dismissal.** A plaintiff will not be permitted to dismiss, to discontinue or to take a nonsuit, when by so doing he will obtain an advantage and defendant will be prejudiced or oppressed or deprived of a just defense; and where a dismissal is attempted without defendant's consent, an appeal to determine the controverted matter of whether or not defendant was hurt by the order from which the statute allows him an appeal cannot be prevented by such dismissal.

## Mandamus.

WRIT GRANTED.

*Earl M. Pirkey* for relators.

(1) A nonsuit cannot be taken after the cause is finally submitted to the jury. R. S. 1909, sec 1980. (2) A plaintiff cannot dismiss his suit so as to deprive defendant of a right already acquired in the litigation. Browning v. Chrisman, 30 Mo. 353; In re K. & O. Ry. Co. v. Senter, 83 Mo. App. 182. (3) A defendant may appeal at any time during the term at which a new trial is granted to plaintiff. R. S. 1909, secs. 2038, 2040.

*Adolph Abbey, Wendell Berry* and *Fauntleroy, Cullen & Hay* for respondent.

(1) Plaintiff has the absolute right to dismiss his case at any time before the case is submitted. Sec. 1920, R. S. 1909. (2) After a verdict has been set aside and a new trial granted, or after a reversal and remand of the cause for a trial *de novo,* a plaintiff may voluntarily terminate his suit as upon an original proceeding. 6 Ency. Pl. & Pr. 842; Randalls v. Wilson, 24 Mo. 76; Pence v. Gobbert, 67 Mo. App. 496; Edwards v. Edwards, 22 Ill. 123; Railroad v. Hooper, 105 Fed. 550; Hollingsworth & Vose v. Foxbaurough, 50 N. E. (Mass.) 1037; Sheldon v. Van Vleck, 106 Ill. 45; Preachers' Aid Society v. England, 106 Ill. 123; Hume v. Schintz, 42 S. W. (Tex.) 543; Railroad v. Berry, 98 Pac. (Kan.) 204; Commonwealth v. Smith, 98 Mass. 10; Commonwealth v. Wallace, 108 Mass. 12;

State v. Kansas, 31 Kan. 509; Lanyon v. Chesney, 200 Mo. 1; Oil Co. v. Billne & Co., 87 S. E. (N. C.) 938; Wood v. Mortman, 85 Mo. 298. (3) Where the trial court is satisfied that the verdict is against the weight of the evidence, it is within the discretion as well as the duty of the court to set it aside and the action of the court will not be disturbed on appeal. An appeal in such a case would be mere vexation and delay. Stetzler v. Railroad, 210 Mo. 711; Lorenzen v. Railroad, 249 Mo. 187; Land & Imp. Co. v. Epright, 265 Mo. 218; Miles v. Haney, 190 Mo. App. 220; Dorset v. Chambers, 187 Mo. App. 276; Rodan v. Transit Co., 207 Mo. 406; Parker v. Cassingham, 130 Mo. 348.

FARIS, J.—This is an original proceeding by mandamus, whereby it is sought to compel respondent, as the judge of division 7 of the circuit court of the city of St. Louis, to reinstate a certain cause at one time pending in said court, and to grant an appeal therein, from an order sustaining a motion for a new trial.

The facts out of which this instant case grew run thus: At the December term, 1915, there was pending in division 7 of the circuit court of the city of St. Louis, in which division respondent sat as judge, a certain cause wherein Abraham Spivack and another were plaintiffs, and relators herein were defendants, and wherein the sum in dispute was $10,000. The above action coming on for trial before a jury, a verdict was rendered in favor of defendants on January 28, 1916. (For brevity and clarity we will hereinafter refer to the parties in the original suit as "plaintiffs" and "defendants," and to the parties in the instant proceeding as "relators" and "respondent," respectively.) Within the allotted time thereafter, to-wit, on February 1, 1916, plaintiffs in said cause filed their motion for a new trial, which was taken under advisement, and carried over by the learned respondent to a day in the February term, 1916, to-wit, to March 6, 1916, on which latter date the respondent sustained the motion aforesaid and granted to plaintiffs a new trial, on the ground that the verdict of the jury was

against the weight of the evidence. Thereafter on the 7th day of March, 1916, without the knowledge or consent of defendants in said cause, and in their absence and in the absence of their counsel, plaintiffs came into court and dismissed said cause. Thereafter, at the same term in which the motion for a new trial was sustained and the dismissal of said cause was had by plaintiffs, and on the 17th day of March, 1916, defendants therein (who are relators herein) after due notice in such behalf had been served on plaintiffs, came into respondent's court and filed their motion to reinstate said cause, to the end that they might (as they prayed they might be allowed to do) appeal from the order granting the new trial. Relators filed with said motion for reinstatement of the case and for appeal thereof, a proper affidavit for appeal. Respondent refused to reinstate said cause, or to allow an appeal therein, holding that plaintiffs had the right to dismiss the cause after the sustaining of a motion for a new trial thereof, even though defendants might during the same term of court desire to appeal from the action of the court in such behalf.

The return of respondent admits the facts to be substantially as we set them out. Relators thereupon moved for judgment upon the pleadings, and the case is at issue upon the single point whether a plaintiff, after trial had and verdict rendered, which verdict is set aside upon motion, may take a nonsuit **Appeal: After Dismissal.** pending the term at which the trial was had, against the consent of a defendant who prays an appeal from the action of the court in granting such new trial.

The precise point here mooted seems to be one of first impression in this State, and to be likewise unique by its rarity in other jurisdictions. While we have a statute which upon a casual reading might seem to cover the case, we are led to suspect that it does not; since we observe that both relators and respondent quote and urge this statute as furnishing a fairly satisfying reason why plaintiffs *did* and why they

*did not* have the right to take a nonsuit. In this state of the briefs we may well be excused for entertaining doubts whether a statute thus so confidently relied on by both parties, furnishes an answer to the question mooted. The statute thus urged upon our attention reads thus:

"The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward." [Sec. 1980, R. S. 1909.]

We are of the opinion that the above section must be construed in the light of the facts and circumstances existing, and must be modified if need be, by a consideration of other well-settled principles of law. Two of these principles we think settle this case beyond cavil; they are (a) that by our practice and by the terms of our statute (Sec. 2040, R. S. 1909), any party authorized, and *caeteris paribus* entitled to take an appeal, may take the same at any time during the term at which the judgment, or order complained of, was rendered; in short, he has the whole of the current term within which to appeal, and (b) if a party entitled otherwise to an appeal, be by construction of a statute prevented from the exercise of a right in such behalf given to a'l others in similar cases, there arises by such construction a refusal of due process of law to him who thus is deprived of his right. [State v. Guerringer, 275 Mo. l. c. 416.] In the latter case, apposite to the point last herein made, we said:

"For while the right of appeal is not essential to due process of law (Reetz v. Michigan, 188 U. S. l. c. 508), yet if an appeal be allowed to some persons and not to all persons similarly situated, such deprivation of the right to an appeal is equivalent to the denial of due process of law, for due process of law and the equal protection of the laws are secured only when 'the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government.' [Duncan v. Missouri, 152 U. S. l. c. 382.]"

. Manifestly, if it should be otherwise ruled, it would be always within the power of a plaintiff who has been cast by verdict, but who had succeeded in his motion for a new trial, to irrevocably and inevitably *affirm* the action of the trial court in sustaining such motion by the mere expedient of a hasty dismissal (such as occurred here) and the payment of the accrued costs, and—as was likewise done here—on the next, or a subsequent day within the year, refile the cause of action and proceed. These considerations make it fairly manifest that under the conditions and state of facts here existing, we must construe the statute (*when invoked after one trial and one successful motion for a new trial in the same term*) as if it read "provided, such dismissal will not operate to deprive the defendant of the right to appeal during the term." For surely when the defendants won before a jury, and the court cut the victory from under their feet by sustaining a motion for a new trial, on the ground that the weight of the evidence lay against the verdict, defendants had the right by a solemn statute to appeal to this court and take our opinion upon the points: (a) Whether the court *nisi* was correct in his ruling and (b) whether defendant should be further vexed by the litigation; which litigation was settled if the jury's finding on the facts was right and the court *nisi* was wrong.

In an early case upon a point measurably analogous, it was said by this court: "No *nolle prosequi* or dismissal of a party ought to be allowed when it will produce any derangement in the rights of the defendants, deprive them of a legal defense, or subject them to increased difficulties or liabilities." [Browning v. Chrisman, 30 Mo. l. c. 357.]

It will be seen that the statute contains no specific authority for doing what was done here. While it permits the plaintiff to wholly dominate and manage his lawsuit, it yet contains nothing which will allow plain-

tiff to do this in such wise as will work injury to the rights of the defendant.

We are cited by respondent to the case of Wood v. Nortman, 85 Mo. 298, as conferring authority for the procedure herein followed by the court *nisi*. While it is true that this Nortman case contains a *dictum* which, if read without reference to the context, and without regard to the facts held in judgment in that case, would furnish some color to respondent's contention, it is not in point here because no question of the right to test by an appeal the correctness of the action of the trial court was involved, and "because [and this reason is written in the court's opinion] it was understood by the court and the parties before judgment was rendered, that the plaintiff might have the right of entering a nonsuit." [Wood v. Nortman, 85 Mo. 1. c. 303.] Neither does the case of Lanyon v. Chesney, 209 Mo. 1, militate in any serious degree against the view we here take. There are likewise *dicta* in the latter case which, when read outside their context, seem to uphold the contention of respondent. The question there up for judgment went to the right of a plaintiff to dismiss an action (wherein defendant had filed a counterclaim), regardless of the consent of the counterclaimant. The case rode off upon the finding that the counterclaim had not been so timely filed as to prevent plaintiff from exercising his- otherwise plenary right of dismissal.

The case of Randalls v. Wilson, 24 Mo. 76, also afield from the facts there held in judgment, seems to lend color to respondent's position. But that was a case wherein both of the plaintiffs (cast as herein upon the trial) were infants when the action was commenced by them. When judgment was rendered against them one of them was still an infant. The case rode off upon the theory that since the judgment was an entirety, and since one plaintiff was an infant when it was rendered, it was utterly and wholly void as to both plaintiffs, and that it was the plain legal duty of the trial court to set it aside, and that defendant therein was there-

fore in no wise injured by plaintiffs taking a nonsuit after the setting aside of the judgment.

If it were or could be made absolutely certain that the action of the trial court in granting a new trial in the case out of which the instant proceeding grew, in no wise hurt relators, then there would be some authority in the Randalls case, supra, for respondent's position. If we could hold out of hand from something which appears upon the record that respondent's ac'.on in setting aside the verdict was as a matter of law indisputably correct, then we could say that it was impossible for relators to have been prejudiced by the dismissal of the case. But that is not this case; we are holding that relators are entitled to their appeal, so that the controverted matter of whether they were hurt may be fully examined and determined by us. The principle involved in this holding is that invoked in all jurisdictions. [14 Cyc. 306, and cases cited; 6 Ency. Pl. & Pr. 842; 9 R. C. L. 194.] And this general rule is thus stated by Cyc., supra:

"While a plaintiff may dismiss any claim where such dismissal will not prejudicially affect the interests of defendant, he will not be permitted to dismiss, to discontinue, or to take a nonsuit, when by so doing he will obtain an advantage and defendant will be prejudiced or oppressed, or deprived of any just defense."

It follows that the alternative writ of mandamus heretofore issued herein should be made absolute. Let this be done. All concur.