## W. H. THOMAS, Appellant, v. GEORGE F. BOAT-RIGHT, Respondent.*

**In the Kansas City Court of Appeals, June 16, 1924.**

1. **COSTS: Pleading: Answer Held Written Offer to Accept Adverse Judgment as Contemplated by Statute.** Answer offering to allow judgment to go against defendant for amount due on note, less credit of $200 claimed by him, *held* written offer to allow judgment within section 1395, Revised Statutes 1919, requiring plaintiff, who did not accept the offer upon failing to obtain a more favorable judgment, to pay costs from the time of the offer.

2. ———: **Judgment Against Defendant for Costs Accruing after Filing of Answer Offering Judgment for More Than was Recovered, Held Error Appearing upon Face of Record Proper, Which Could be Corrected at Subsequent Term.** Answer offering to pay sum for which suit was brought, less $200, which plaintiff refused, is part of record proper, and of the judgment roll, so that where plaintiff obtained a less favorable judgment against defendant, a judgment against defendant for costs accruing after filing of answer was error on the face of the record which could be corrected at a subsequent term, under the provisions of section 1552, Revised Statutes, 1919.

*Headnotes 1. Costs, 15 C. J., Section 150; 2. Costs, 15 C. J., Section 541.

Appeal from the Circuit Court of Pettis County.—*Hon. Dimmitt Hoffman,* Judge.

AFFIRMED.

*Montgomery & Rucker* for appellant.

*J. T. Montgomery* and *Wm. G. Boatright* for respondent.

ARNOLD, J.—This is an appeal from the ruling of the trial court on a motion to retax costs.

Plaintiff sued defendant on a promissory note for $594.59. The answer admitted the execution of the note and offered to permit judgment to be entered against defendant for the amount of the note less a credit of $200 claimed upon the note. The cause went to trial and the jury returned a verdict for plaintiff for the amount due upon the note with interest, less the $200 credit claimed by defendant. The judgment rendered upon the verdict was in accordance therewith except that costs were adjudged against defendant as in all ordinary cases where a plaintiff recovers all that he sues for, or where there is no offer to allow judgment to be rendered in any amount.

Within three years after the rendition of said judgment, defendant filed his motion to retax the costs, upon the ground that plaintiff had recovered no more than the amount for which defendant offered to permit judgment to be taken, and prayed the court to review the judgment and retax the costs "accruing since the filing of the answer" against the plaintiff instead of the defendant. In the hearing on the motion it was conceded that the defendant, in his answer, offered to allow judgment to go against him for the amount due on the note, less the credit of $200 claimed by him, and that thereafter plaintiff obtained judgment for no more than the offer, and that the clerk, pursuant to the judgment entry, taxed all costs against defendant.

The statute, section 1552, Revised Statutes 1919, provides:

"Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term at which such judgment was rendered."

It is urged by plaintiff that defendant's answer, filed in the main case in which he admitted the execution of the note and his offer in open court to pay same and permit judgment to go against him, less a credit of $200, is

not such a written notice as is contemplated by section 1395, Revised Statutes 1919, which is as follows:

"The defendant in any action may, at any time before trial or judgment, serve upon the plaintiff or his attorney of record an offer in writing, to allow judgment to be taken against him for the sum or to the effect therein specified. If the plaintiff accept the offer and give notice thereof within ten days, he may file the offer and an affidavit of notice of acceptance, and judgment shall be entered accordingly. If the notice of acceptance be not given the offer shall be deemed withdrawn, and shall not be given in evidence or commented on before a jury; and if the plaintiff fail to obtain a more favorable judgment he shall pay the defendant's cost from the time of the offer."

The first question presented for our consideration, therefore, is whether defendant's answer offering to accept adverse judgment on plaintiff's claim, less $200, is such offer of judgment as to come within the provisions of this statute. The answer being in writing, as a matter of course the offer was in writing. The statute (section 1395) does not specify that the offer shall be made in a separate writing, and we hold that the offer incorporated in the answer was a sufficient compliance with the statute to advise plaintiff of the terms of the offer. It may be the usual practice to make such offer in a separate writing which, if the plaintiff accepts, is filed with the acceptance. It is not perceived, nor is any reason suggested, why the offer in the answer is insufficient. We find the answer herein is an offer in writing, as contemplated by the statute, and hold against plaintiff on this point. [Hammond v. Railroad, 22 Ore. 15; Association v. Miller, 42 Kans. 20.]

The only question remaining for our solution in this appeal is whether the trial court was within its rights in modifying the judgment to the extent of charging the subsequent costs against plaintiff instead of defendant, by sustaining a motion to retax costs at a subsequent

term. It is admitted by plaintiff, in effect, that the part of the judgment taxing costs against defendant was error if the provisions of section 1395 were met in the answer. Holding, as we do, that the answer of defendant was a sufficient compliance with the requirements of the statute, we hold that the part of the judgment of which complaint is made in the motion to retax costs was an error.

The record shows no action was taken by defendant as to the costs, no motion for new trial was filed by him and the motion to retax the costs was not filed until a subsequent term of the court. In State ex rel. v. Railroad, 176 Mo. 443, 450, 75 S. W. 636, 638, Fox, J., speaking for the court, said:

"It will be observed that all the cases treating of applications to tax costs at a term subsequent to the one at which final judgment was rendered, make clear the distinction of taxing costs which are definite and fixed by law, and costs which require judicial action in determining the amount."

Following this rule, we have the case of Burton v. Railroad, 275 Mo. 185, 204 S. W. 501, bearing on this subject, as follows:

"All the authorities agree that the former may be retaxed at any term of the court. Such action is more in the nature of a ministerial duty, and requires no judicial action on the part of the court. Where the costs are definite and fixed by statute, the clerk in the first instance is by law required to tax the costs of the case, which of course is purely a ministerial duty, and when the court is requested to review the clerk's action in that regard, it is exercising a similar duty, simply correcting errors made by the clerk in trying to obey the statutes; but not so in regard to the taxation of costs which requires judicial investigation and determination. In such a case the clerk has not authority whatever to act, except as ordered by the court; in that case the court alone can order the costs taxed or retaxed, which must be done upon judicial investigation and determination, and must

be done during the term of the court at which final judg-
ment in the cause is rendered, for it is elementary that
with the lapse of the term at which the final judgment is
rendered the jurisdiction of the court over the cause
ceases.''

There is a clear distinction between the rule applied
in the cases above cited and the one at bar. The answer
herein sets up the allegation that defendant offered to
pay the sum for which the suit was instituted, less $200;
plaintiff refused this offer and recovered no greater
amount by the judgment. The statute provides that in
this situation the costs go against plaintiff. The answer
being a part of the record proper, it is a part of the judg-
ment roll. It therefore follows, as a matter of course,
that a judgment for costs against defendant was an error
on the face of the record which could be corrected at a
subsequent term under the provisions of section 1552,
Revised Statutes 1919, or at any time within three years.
In Cross v. Gould, 131 Mo. App. 585, 595, 110 S. W. 672,
it is said:

''And so it is, a motion to set aside a judgment for
irregularity, as that contemplated by the statute supra,
is available as a remedy only in those cases where there
is some irregularity appearing in the judgment itself
or on the face of the proceeding antecedent thereto. And
while this irregularity need not be one which would ren-
der the judgment absolutely void, and therefore subject
to be defeated on collateral attack, it must be one which
indicates at least that the judgment was given contrary,
in some material respect, to the established form and
mode of procedure for the orderly administration of jus-
tice. An irregularity in the sense of the law may be
said to be a want of adherence to some prescribed rule
or mode of procedure, consisting either in omitting to
do something that is necessary for the due and orderly
conduct of the suit, or doing it as an unseasonable time
or in an improper manner.''

The record proper consists of the process and return, the pleadings, and the verdict and judgment in civil cases. We think the irregularity in the judgment entry appearing on the face of the record brings this case within the rule applied in Smith v. Moseley, 234 Mo. 486, wherein it is observed that this statute "is useful for the partial vacation and correction of a judgment as well as for setting it aside altogether." In assessing the costs against defendant herein the court obviously failed to observe the statutory rule, as it has been construed and applied in the following cases: State ex rel. v. Riley, 219 Mo. 667, 118 S. W. 647; Cross v. Gould, supra; Clowser v. Noland, 72 Mo. App. 217; Reed Bros. v. Nicholson, 93 Mo. App. 29; Kelerher v. Henderson, 203 Mo. 498, 516.

The amended motion to retax costs herein sets up the fact that the error on the face of the record is patent and that such an error may be corrected by the court at a subsequent term within three years, and asks the court to construe its previous order assessing the costs against defendant. It is evident from the ruling of the court on said motion that the motion was properly construed as a petition for review, and such review properly may be made at a subsequent term.

For the reasons herein stated the judgment is affirmed.

All concur.