LILLIAN NORDQUIST, PLAINTIFF IN ERROR, v. THE ARMOURDALE STATE BANK ET AL., DEFENDANTS IN ERROR.*—19 S. W. (2d) 553.

Kansas City Court of Appeals. June 10, 1929.

*Conger R. Smith* for plaintiff in error.

*Thurman L. McCormick* and *Andrew R. Lyon* for defendants in error.

LEE, C.—This is an appeal from an order of the trial court sustaining a motion by defendant below to strike out plaintiff's motion to set aside a judgment theretofore rendered for defendants. The history of the case is as follows:

Plaintiff in error brought her suit in equity in the circuit court of Jackson county against defendants for cancellation of a certain promissory note for $6,000 secured by deed of trust. The cause was tried by the court in the March term, 1927, and taken under advise-

ment into the May term. On July 21, 1927, within the May term, the court entered judgment for defendants.

On July 22 plaintiff filed her motion to set aside the judgment for defendants, as follows:

"Comes now the plaintiff above named and moves the court to set aside the order of the court herein finding for defendants entered July 21, 1927, and to hear further arguments and receive further briefs and authorities and to re-consider this cause before entering a final judgment herein, for the following reasons and upon the following grounds:

1. "Because upon the voluminous record and the record facts adduced herein, numerous questions should be re-presented and re-briefed, and the court should give further and additional consideration and attention thereto.

2. "Because of numerous and glaring inaccurate statements of counsel for defendants in their brief, which, in the rush and turmoil of court business were not reached for answer by a reply brief, and numerous mis-statements were thus presented to the court, which ought to be explained and refuted and further presented.

3. "Because said order constitutes a miscarriage of justice and deprives plaintiff of her legal rights and is upon its face unfair and unjust and in equity and good conscience, said matters should be further heard and considered by this Honorable Court.

4. "Because of additional authorities and decisions recent in point of time, some delivered and published since the submission of this cause, should be called to the attention of this court, same being material and controlling of the issues herein.

5. "Because under the voluminous record and numerous facts involved, it is highly essential and material to the cause of equity and justice that said testimony be written out and presented to the court and read by the court and reviewed and considered before final decision on the merit of this cause.

6. "This motion is filed on the day following the order in favor of defendants herein and at the same term of court, and plaintiff respectfully prays the judgment of the court hereon.

7. "Because the order herein is not based upon any declarations of law or facts, or upon any new findings of law or fact, and the order was made before counsel had completed the submission to the court of or had submitted any declarations or findings of law and fact.

8. "Because for the proper understanding of counsel and the litigants and in the interest of equity and justice, it is imperative that counsel be permitted to submit proposed findings of law and fact and declarations of law and facts before any final decision is rendered by this Honorable Court herein."

On September 10, the last day of the May term, this motion was taken up and the following order was entered:

"Now on this day plaintiff's motion to set aside the order heretofore made in this case is by the court taken up, heard and by the court sustained, to which action and ruling of the court, defendant excepts. Now plaintiff asks leave to have the court make findings of fact and declarations of law in this case, to which defendant excepts, and by order of this court, this cause is hereby continued until the November, 1927, term of this court."

At that time it seems, from the evidence in the later hearing, to have been the understanding of both the court and the attorneys on both sides that this was done "as a matter of convenience for counsel," in order to permit plaintiff to complete her record for appeal, if one should be filed; that no more testimony would be received, and that "there would be nothing else submitted except the findings of fact and declarations or law;" and the court indicated that he did not then contemplate the possibility of rendering any different judgment on the record. The motion itself does not ask a new trial, but merely that the order be set aside for further consideration of the law and the evidence in the original trial, *"before entering a final judgment herein."*

Some time in October, for reasons which do not appear and which are immaterial to this appeal, plaintiff's three attorneys withdrew or ceased to represent plaintiff. On November 2, 1927, plaintiff, accompanied by her new attorney, went in person to the court house and without advising the judge of the contemplated action, filed with the clerk the following:

"Comes now plaintiff and dismisses this cause without prejudice. (Signed) Lillian Nordquist."

This document was duly marked as filed by the clerk; and at the same time plaintiff paid the costs in the case. No notice of this intended dismissal was given the defendants or their attorneys. Nor was the court (who had some time prior thereto been advised of the contemplated withdrawal of plaintiff's previous attorneys, and that they did not propose to submit any declarations of law and findings of fact) advised of the retaining of the new attorney. On November 1 oral notice appears to have been given to two of plaintiff's former attorneys of defendants' intention to file and call up for the court's action a motion to render judgment for defendants in the case, and a written notice left with one of them, who declined to accept service but agreed to deliver it to plaintiff when she next came to his office. Because of lack of service this motion was never formally filed. However, on November 3 or 5 (there being some question as to the date of actual entry of the order) the court (having learned of the filing of the dismissal) of its own motion

made an order that the dismissal be disregarded and held for naught, and entering judgment in the cause for defendants, as follows:

"Now on this day, it appearing to the court that the above entitled cause was heretofore, tried, taken under advisement, and judgment rendered in favor of the defendants and each of them; and it further apearing that said judgment was by the court set aside and said cause taken under advisement for the purpose of enabling counsel for plaintiff to submit declarations of law and findings of fact; that the time within which said declarations of law and findings of fact were to be submitted have long since passed and counsel for plaintiff have failed and refused to submit said declarations of law and findings of fact; and it further appearing that plaintiff herein filed with the clerk of this court on November 2, 1927, a dismissal of this cause; and that said dismissal was not allowed by this court;

"Now, therefore, the court being fully advised does order of its own motion that said dismissal so filed be disregarded and for naught held.

"And now this cause having been heretofore fully heard and taken under advisement and the court now being fully advised in the premises finds the issues for the defendants.

"Wherefore, it is ordered and adjudged by the court that plaintiff take nothing by her action herein and that defendants have and recover of and from the plaintiff their costs incurred and expended herein and have execution therefore (entry by attorney)."

On November 12, the last day of the September term, plaintiff, *appearing specially for the purpose,* filed her motion to set aside the foregoing order and judgment; and on November 26 filed her amended motion for the same purpose.

Meantime, on November 17, the fourth day of the November term, defendants filed their motion to strike plaintiff's said motion from the files.

Thereafter, on December 3, the matter was taken up by the court, in a hearing participated in by plaintiff's three former attorneys, her present attorney, the attorney for defendant bank and plaintiff in person. In this hearing, which was conducted somewhat informally, the court reviewed the history of the case with great thoroughness, questioning all those present and stating his own recollection and understanding of what had occurred, and the facts thereof were substantially agreed upon by all parties. The court thereupon refused to pass on plaintiff's motion to set aside the judgment, and stated that the motion to strike would be sustained. Plaintiff's counsel then asked, "Is this motion passed on at all?" To this the court replied, "No, sir." Thereupon, on said December 3, 1927, the following order and judgment was entered:

"Now on this day defendants' motion to strike is by the court taken up, heard and by the court sustained, to which action and ruling of the court plaintiff excepts."

Thereafter, on December 8, 1927 (being within four days, excluding Sunday), plaintiff presented to the court and offered to file her motion to set aside the foregoing order and judgment, sustaining defendant's motion to strike and refusing to pass on plaintiff's motion to set aside. The court refused to permit the filing of this motion.

On November 26, 1928, plaintiff filed in this court her application for a writ of error, which was allowed, returnable to the present term hereof.

Plaintiff in error sets up two assignments of error as follows:

## I.

"The court erred in entering a new judgment on November 3 or November 5, 1927, and at its September term, 1927, thereby in effect refusing to permit plaintiff to dismiss her case, and by its order holding her dismissal was a nullity, for the reason that the cause on November 2, 1927, had not been finally submitted to the court and theretofore had been by the court's own order continued to the November term, 1927, of said court, and plaintiff had then on November 2, 1927, the right to dismiss the same."

## II.

"The court erred in setting aside the dismissal by plaintiff and in entering a new judgment for defendants on November 3 or November 5, 1927, without notice to plaintiff of its intention so to do after plaintiff had filed a dismissal of her case and had dismissed the same."

At the outset we are met with the contention of defendant in error that the writ of error should be dismissed for non-compliance by plaintiff in error with Rule 14 of this court, that "In all cases of equitable jurisdiction the whole of the evidence shall be embodied in the bill of exceptions, unless the parties shall agree upon an abbreviated statement thereof."

The bill of exceptions in this case does not purport to include any of the evidence submitted in the original trial, but only that produced on December 3, 1927, having to do with plaintiff's motion to set aside the judgment of November 5, and with defendants' motion to strike said motion of plaintiff. The very purpose of the motion out of which the present proceedings here arose was to set aside the judgment as prematurely rendered, not to appeal from it on the merits. The evidence upon which that judgment was based, therefore, is immaterial in this hearing, and its omission from the bill of exceptions is not error.

Defendants in error next attack the assignments of error in brief of plaintiff in error, as not complying with Rule 17 of this court, requiring the brief to distinctly and separately allege the errors committed by the inferior court.

The assignments are not clearly stated, but taken with the argument thereon we think they sufficiently allege the following errors in the trial court:

First: In entering new judgment on November 3 or 5,—(a) Because of plaintiff's prior dismissal; (b) Because, the case having been continued to the November term, such judgment was premature.

Second: In setting aside plaintiff's dismissal and entering judgment without notice to her.

Section 1410, Revised Statutes 1919, provides:

"The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, *and not afterward.*"

This cause was submitted to the court at the close of the trial, in the March term, and was held under advisement until July 21, in the May term, on which date judgment was rendered. The motion requesting a setting aside of the judgment did not ask for, and the order entered on July 22 sustaining this motion did not grant, or purport to grant, a new trial, or authorize the introduction of new evidence in the original trial. Its effect was merely to restore the case to its status as having been finally submitted and held under advisement; and when the court was advised that the proposed offer of findings of fact and declarations of law would not be filed, there was nothing more to be done to create a final submission. Under the statute, therefore, the attempted dismissal was void. [State ex rel. Potter v. Riley, 219 Mo. 667, 118 S. W. 647; Lawyers' Cooperative Pub. Co. v. Gordon, 173 Mo. 139, 73 S. W. 155; State ex rel. Motz v. Killoren (Mo.), 271 S. W. 544; Suess v. Motz, 220 Mo. App. 32, 285 S. W. 775.] This is the case for another reason, also. Said section 1410 of the statutes provides that the plaintiff "shall be allowed to dismiss" under the conditions named; and while the court will ordinarily permit it as a matter of course under those conditions, it is still subject to the court's actual or implied permission, without which it is not effective. [Adderton v. Collier, 32 Mo. 507; State ex rel. v. Anderson, 269 Mo. 381, 190 S. W. 857; State ex rel. v. Wurdeman, 309 Mo. 341.] Here no permission was asked for or granted, nor was there any action of the court allowing the dismissal; but instead the court signified its disapproval thereof as soon as it was brought to its attention.

The cause having been finally submitted and taken under advisement, it was not necessary to give notice when a judgment was to be entered. But it is not even clear from the record that it was in fact

entered without notice. Defendants had on November 1 served informal notice of their intention to ask for judgment upon the old attorneys. The new attorney stated at the hearing that he had been advising with plaintiff for a month as to whether the case could be dismissed. When asked by the court why he did not mention it to the court he answered that the court was in the midst of a trial; that he was not an attorney of record; that he did not feel that he wanted to get into the case as long as it was pending, but that he was forced to after the judgment was entered, because "They had no other attorney and something had to be done." Plaintiff herself, while denying she had been served with any notice, admitted that one of her old attorneys had on November 2, "when I went up there to discuss the case," handed her the paper (identified as copy of motion for judgment, and notice attached together) which had been left with him, and that she took it to her new attorney's office.

However, the cause having been definitely continued of record to the November term, the parties were not charged with notice of any action of the court taken prior to such term; and the entry of judgment without notice on November 3 or November 5, both within the September term, was premature. This being an irregularity patent of record, it could be reached by motion to set aside at any time within three years. [Section 1552, R. S. 1919; Cross v. Gould, 131 Mo. App. 585, 110 S. W. 672; Stevens v. K. C. Light & Power Co. (Mo. App.), 231 S. W. 1006; Thomas v. Boatwright (Mo. App.), 263 S. W. 464.] Such a motion was filed, not only within three years, but within the term. The court refused to pass on this motion, but instead struck it from the files. This action, and refusal to act, by the court, is the matter now brought before us by writ of error. A writ of error will only lie from a final judgment in a cause. [Peace v. McClanahan, 50 Mo. 267; State v. Wymer, 79 Mo. 277; Pittsburg Plate Glass Co. v. Peper, 96 Mo. App. 595, 70 S. W. 910.] The only cause now involved is that in which a final judgment or purported final judgment, was rendered on November 3 or 5, from which no appeal or writ of error was taken. Plaintiff has mistaken her remedy. The case of Astor v. Chambers, 1 Mo. 191, is in point. The whole reported opinion in that case reads as follows:

"The first question, and the only question necessary to be decided, is, is the decision or order in the case such as a writ of error will lie on? The words of the order are: it is ordered that the said suit be stricken from the docket of this court. This is not a decision of the court in the cause, but a refusal to proceed; and if it can be redressed, it must be by a mandamus, and not by a writ of error. [Collier v. Wheldon et al., 1 Mo. 1.] This writ must be dismissed."

194

Under our holding it is not necessary for us to discuss the contention of defendant in error that the writ of error was not brought within one year. The writ should be dismissed. *Barnett, C.*, concurs.

PER CURIAM:—The foregoing opinion by LEE, C., is approved and adopted as the opinion of the court. The writ is accordingly dismissed. *Bland* and *Arnold, JJ.*, concur; *Trimble, P. J.*, absent.