Dorothy Jean EDEN, Petitioner-Appellant,

v.

**Vernon Duane EDEN, Respondent.**

No. 10594.

Missouri Court of Appeals, Springfield District.

Nov. 2, 1977.

Motion for Rehearing or Transfer Denied Nov. 21, 1977.

Robert P. Baker, Sarcoxie, for petitioner-appellant.

Richard D. Copeland, Myers, Webster & Perry, Webb City, for respondent.

BILLINGS, Chief Judge.

Dissolution of marriage proceeding. Appellant-wife appeals from the decree's division of property, the maintenance provision for her, and the failure to award her attorney's fees and costs.

■ First of all, we note our review of this court-tried case is limited by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), and we are not to disturb the decree of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." 536 S.W.2d at 32.

■ The division of property between spouses in a dissolution proceeding is a matter within the sound discretion of the trial court, and its decision should not be overturned unless that discretion is abused. *Conrad v. Bowers*, 533 S.W.2d 614 (Mo.App. 1975). The same rule applies to matters of spousal maintenance, attorney's fees and costs. *Stark v. Stark*, 539 S.W.2d 779 (Mo. App. 1976); *Rissler v. Rissler*, 541 S.W.2d 64 (Mo.App. 1976).

■ We have read the trial transcript, viewed the exhibits, and examined the briefs of the parties. There is substantial evidence to support the trial judge's decree on the issues raised in this appeal and we do not find an abuse of discretion. Neither do we find any erroneous declaration or application of the law.

Missouri's Dissolution of Marriage Act has produced a bumper crop of appellate opinions in which the evidence below has been re-plowed and disk harrowed in such a fashion that a new and different harvest has been reaped on discretionary matters of property division, maintenance and attorney's fees. Although a fertile field, we decline to second-guess the trial judge on the division of property, maintenance award, and the matter of attorney's fees and costs in this case.

An extended opinion in this case would have no precedential value and the judgment is affirmed pursuant to Rule 84.16(b).

All concur.