In re the MARRIAGE OF Dorothy Jean
EDEN, Petitioner-Appellant,

and

Vernon Duane Eden, Respondent.

No. 12136.

Missouri Court of Appeals,
Southern District,
Division Two.

July 29, 1981.

Motion for Rehearing or Transfer
Denied Aug. 21, 1981.

Application to Transfer Denied
Oct. 13, 1981.

Christopher J. Stark, Springfield, for petitioner-appellant.

Philip W. Richardson, William C. Myers, Jr. and Associates, Webb City, for respondent.

BILLINGS, Judge.

Appellant Dorothy Jean Eden sought to vacate, modify and correct the judgment of the Circuit Court of Jasper County entered February 13, 1975, which was affirmed by this Court on November 2, 1977, in *Eden v. Eden*, 558 S.W.2d 394 (Mo.App. 1977). The trial court held a hearing on respondent's motion to dismiss and pleas of res adjudicata and estoppel, and denied appellant relief. We affirm.

Appellant advances two points in this appeal: First, that the order of the trial court was entered without notice or hearing and in violation of her rights of due process; and Secondly, that the judgment of February 13, 1975, was not a final judgment because it did not divide and distribute all of the marital property, was contrary to law, and that changed circumstances since the entry of the judgment rendered its terms unenforceable.

The record filed herein refutes appellant's first contention. The parties, by their attorneys, appeared on September 5, 1980, on respondent's motion to dismiss.[1] The hearing consisted of admissions by the parties, submission of exhibits, filing of suggestions, argument and, without objection, the consideration by the trial judge of the original court file. The court took the matter under advisement and thereafter, on December 15, 1980, entered its order. The court was not required to give the parties notice before entering the order denying appellant relief. *Nordquist v. Armourdale State Bank*, 225 Mo.App. 186, 19 S.W.2d 553 (1929). Appellant's first point is denied.

It was and is respondent's position that the division and distribution of property between the parties is res adjudicata by reason of our affirmance of the judgment in *Eden v. Eden*, supra. We agree. Our prior adjudication is not only the law of the case as to all questions directly raised and passed upon but it is also the law of the case as to matters which arose prior to the first appeal and which might have been raised thereon but which were not raised or presented. *Norris v. Bristow*, 361 Mo. 691, 236 S.W.2d 316 (1951). The division of property was specifically raised and ruled in appellant's first appeal and she cannot now question that judgment. Neither can appellant utilize her motion to pursue alleged claims against respondent for waste, rent, unjust enrichment, accounting or damages, or against respondent and the trustee in a deed of trust for alleged wrongful foreclosure. We express no opinion on the alleged claims. The trial court's power to enter necessary orders to effectuate its judgment, directing the sale of certain real estate, cannot be converted by appellant into a forum for litigating her various alleged claims.

The judgment is affirmed.

All concur.

---

1. The record reveals an earlier hearing before another special judge on April 22, 1980, and the matter was taken under advisement. Before a ruling was made appellant requested and received another change of judge. At least five, possibly six, trial judges have been involved in this litigation since dissolution proceedings were initiated by appellant March 8, 1973. "It is to the interest of the state that litigation come to an end." Lamm, C.J., dissenting, *Jeude v. Sims*, 258 Mo. 26, 166 S.W. 1048, 1057 (1914).