**Robert M. SMITH, Appellant,**

v.

**Judy K. SMITH, Respondent.**

**No. WD 35304.**

Missouri Court of Appeals,
Western District.

Dec. 26, 1984.

James J. Wheeler, R. Steven Gaw, Keytesville, for appellant.

Robert G. Smith, Brookfield, for respondent.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

NUGENT, Judge.

Robert Smith appeals from the trial court's grant to his wife, Judy Smith, of maintenance in gross and attorney's fees in this dissolution action. He alleges that he was denied due process of law when the court entered judgment for maintenance and attorney's fees without notice and hearing after taking the matters under advisement and that there was a lack of evidence to support the award. We affirm.

In 1980, Mrs. Smith filed a petition for dissolution of her marriage with Mr. Smith. A trial was conducted before the court. Mr. Smith testified that he was employed as a railroad foreman and that when he is working his take home pay is between eight hundred and one thousand dollars per month. He further testified that he was not working at the time of trial and that he was unsure when he would return to work. Nothing in the record indicates that he was denied the opportunity to call any witness or to cross-examine any witnesses.

At the conclusion of the trial, the court ordered that the marriage be dissolved, the marital property be divided, custody of the couple's two children be given to Mrs. Smith, and that Mr. Smith pay $305.00 per month child support. The court took under advisement Mrs. Smith's request for maintenance in gross and for reasonable attorney's fees. Subsequently, the court awarded Mrs. Smith $2,400 maintenance in gross and $300 attorney's fees.

Thereafter, Mrs. Smith sought to execute on the judgment; Mr. Smith filed a motion to quash the execution, but the court denied the motion. In addition, he filed a motion for new trial or in the alternative to modify the decree. After conducting a hearing, the court denied the motion for new trial but sustained the motion to modify and in doing so specified Mr. Smith's visitation rights.

Mr. Smith appeals the awards of maintenance and attorney's fees. He raises two points: first, that he was denied due process of law when the court entered judgment for maintenance and attorneys fees without according him prior notice and a hearing; second, that no evidence was presented at trial showing that he had the financial resources to pay the awarded maintenance and fees.

■ In reviewing a court tried dissolution case, the appellate court must sustain the decree unless it is not supported by substantial evidence or it is against the weight of the evidence, or it erroneously declares or applies the law. *B.S.H. v. J.J.H.*, 613 S.W.2d 453, 455 (Mo.App.1981). We find here that the trial court's awards were supported by substantial evidence and that the court committed no error in declaring or applying the law.

■ Appellant first argues that he was denied due process because he was not given prior notice or a hearing before the trial judge entered judgment for maintenance and attorney's fees. We cannot agree. The court after a full bench trial took the matters of maintenance and attorney's fees under advisement and later entered judgment when Mr. Smith had returned to work. The record reveals that Mr. Smith was not denied an opportunity at trial to call witnesses or cross-examine any witnesses. Mr. Smith at trial testified concerning his occupation, his then existing temporary disability, and his take-home pay of $800 to $1,000 per month when he was working.

■ Generally, once a case has been finally submitted and taken under advisement, the court need not give notice to the parties prior to entry of its judgment. *In Re Marriage of Eden*, 621 S.W.2d 331, 332 (Mo.App.1981); *Nordquist v. Armourdale State Bank*, 225 Mo.App. 186, 19 S.W.2d 553, 556 (1929). In addition, due process does not require an evidentiary hearing when no factual issues remain to be resolved. *Swift v. Ciccone*, 472 F.2d 577, 578 (8th Cir.1972).

Here no factual matters remained to be resolved after the trial was concluded. Mr. Smith does not contend that he did not return to work, and the fact that Mrs. Smith attempted to have his wages garnished shows that in fact he was again working. Nor does he contend that his wages are less than what he said they were at trial, or that any other change in circumstances has occurred since trial. The only change was his return to work. Finally, Mr. Smith was afforded a hearing on his new trial motion. A transcript of that hearing is not included in the record, but in his motion for new trial he alleged the same due process issue he raises here. We assume that he aired those complaints with the trial court at that hearing.

 Appellant's second point is that no evidence was presented at trial showing that he has the financial ability to pay the awards. As we have already noted, Mr. Smith himself testified as to his occupation and take home pay, thereby furnishing substantial evidence at trial of his ability to pay the maintenance in gross and the attorney's fees.[1] The court did not make its award until Mr. Smith had once again resumed his employment.

For the foregoing reasons, we affirm the judgment of the trial court.

All concur.

---

1. The financial resources of the spouse who is to pay maintenance is one factor, but it is not the only factor, to be considered by the court in awarding maintenance. § 452.335 R.S.Mo.