**In re the Marriage of Barbara J. ROBERTS, Respondent,**

v.

**Leonard S. ROBERTS, Appellant.**

**No. WD 42675.**

Missouri Court of Appeals, Western District.

Oct. 30, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 1990.

Raymond Peltzman, Robert E. Gregg, Kansas City, for appellant.

Susan Watkins, Independence, for respondent.

Before LOWENSTEIN, P.J., and SHANGLER and MANFORD, JJ.

LOWENSTEIN, Judge.

This appeal is from a judgment for dissolution of marriage.

The appellant, Leonard S. Roberts (hereinafter "Husband") presents three points, which charge the trial court erred in (1) signing the decree of dissolution, because counsel had not received the decree, custom dictating that opposing counsel must approve the decree; (2) signing the decree when counsel did not have notice and the court specified the decree should be sent to counsel; and (3) denying appellant's motion for new trial or his application to vacate the decree.

The pertinent facts are as follows: Respondent Barbara J. Roberts (hereinafter "Wife") filed a petition for the dissolution of marriage. Both parties were represented by counsel; in fact, the husband had dual attorneys who worked on the case. After discovery, the matter was set for trial.

On the morning of trial, all three attorneys met with the court in chambers to see if "some common ground" could be found. These discussions started at 9:00 a.m., and the court did not call the matter until 2:15 p.m. The parties managed to agree on several items: the disposition and value of the marital home; the disposition and value of two vehicles; and that each party would keep the personal property and effects that were already in their possession. The "sticking point" was a 1958 J–35 Beech airplane.

At the trial, evidence was limited to the jurisdictional requisites and a description of other litigation involving the airplane which had an outstanding mechanic's lien. After trial, the court informally discussed the evidence, and reiterated the matters about which the parties had come to an agreement, i.e., the husband's buyout of the wife's interest in the marital home, distribution of cars and personal property, and the handling of marital debts.

With regard to the airplane, the court indicated it was uncertain of the validity of the repair bill which had resulted in the lien. Since litigation concerning the lien was pending, the court preferred to leave the airplane in joint ownership until the lien was adjudicated. There was more discussion between the parties and the court. The husband wanted to be able to fly the plane during the pendency of the other litigation, and the wife was afraid that would make her case challenging the mechanics lien more difficult to prove. Protracted discussion ensued about the plane.

Wife's counsel prepared a proposed decree and sent a copy to the husband's attorneys on September 28, 1989. The appellant's brief admits the decree was received by one of the attorneys that day. Although difficult to ascertain, the points on appeal complain more of the method of mailing of the decree rather than decree's contents. The court signed the decree the following morning, and sent a letter stating, "This decree accurately reflects my comments and decisions from the bench." An entry was made into the record.

> On numerous occasions both division clerks talked by phone with ... attorney for [Husband] and advised him of the fact that the dissolution decree was not a proposed decree to be looked over and approved by both attorneys but rather a decree dictated by myself and approval by the attorneys was immaterial.

The husband filed motions to vacate, amend, or modify the decree, and for a new trial. After a conference in chambers, the court found that "the decree accurately reflects the decision of the court," and denied the post trial motions. This appeal followed.

■ The husband's first two points of error seem to be premised on the motion that both of his attorneys must have received the decree from wife's counsel before they were deemed to have proper notice. When a party is represented by more than one attorney, service may be made upon any such attorney, unless personal service upon the party is otherwise required. *Rule 43.01(b)*. The husband admits that one of his attorneys did receive the decree from wife's counsel. There was no order that both counsel be mailed the decree, although the wife's attorney said she mailed the proposal to both.

■ Furthermore, both of husband's first two points seem to imply that he has some right to approve the decree before the court signs it. The custom on which he relies is without factual evidentiary support. This court has specifically held that once a case has been finally submitted, no notice is necessary prior to entry of judgment. *Smith v. Smith*, 683 S.W.2d 651, 652 (Mo.App.1984). No hearing is required when there are no further factual issues to be resolved—the trial had been concluded. *Id.* The adoption of a decree typed by opposing party is not per se erroneous. *Ikonomou v. Ikonomou*, 776 S.W.2d 868, 873 (Mo.App.1989). In addition, no *per se* error occurred simply because a court adopted proposed findings of fact and conclusions of law. *Stelling v. Stelling*, 769 S.W.2d 450, 452 (Mo.App.1989). This court refuses to hold that some type of approval of counsel is required before the court signs a decree that it has specifically stated, on the record, to "accurately reflect [its] comments and decisions." The first two points are denied.

■ The husband's third point basically alleges trial court erred by overruling his motion for a new trial and application for an order to vacate, reopen, correct, amend and modify the decree.

It has long been the settled law that the denial of an after trial motion is not an appealable order but that appeal must be taken from the judgment to which the motion was directed. *Haywood v. Haywood*, 527 S.W.2d 36 (Mo.App.1975). A notice of appeal which seeks review on the basis of a denial of a motion for new trial or other after judgment motion overruled or denied is completely ineffectual to bring anything before the appellate court. *Cady v. Kansas City Southern Railway Co.*, 512 S.W.2d 882, 884 (Mo.App.1974).

*Pittman v. Reynolds*, 679 S.W.2d 892, 893 (Mo.App.1984). Point three is denied.

In reviewing the record, it is noted that the decree does not contain a proper legal description of the marital home. Therefore, the first sentence of the first full paragraph of page three of the trial court's Decree of Dissolution of Marriage, signed September 29, 1989, is amended to read:

IT IS FURTHER ordered, adjudged and decreed by the Court that the real property, commonly known as 800 Berkshire, and legally described as Lot 395, Kingsridge, a subdivision in Blue Springs, Jackson County, State of Missouri, hereby is awarded to and set over unto Respondent, Leonard S. Roberts, Jr., as his sole and separate property and he shall be responsible for the debt on the same to the Bank Plus Corporation in the approximate amount of $14,500.00.

The above legal description is taken from husband's Statement of Marital and Non-Marital Property and Liabilities, filed on January 6, 1990.

■ It is also noted that the first full paragraph of the fourth page of the decree portends to limit the court's consideration of all relevant factors, including financial resources, in the event that either party should find it necessary to bring suit to enforce the terms of the decree. To the extent that said paragraph conflicts with § 452.355.1, RSMo 1986, it is held null and void.

Both parties have filed motions for sanctions and attorneys fees. Those motions are denied.

The respondent's Motion to Dismiss and Motion for Damages for Frivolous Appeal are denied.

The judgment is affirmed as modified.