JOHN W. LOVINS AND KERMIT WASSON, DOING BUSINESS AS WASSON MOTOR COMPANY, RESPONDENTS, v. MUTUAL COMMERCE CASUALTY COMPANY, AN INSURANCE CORPORATION, APPELLANT.—156 S. W. (2d) 955.

Springfield Court of Appeals, November 9, 1941.

Rehearing denied December 17, 1941.

*H. E. Ryan* and *Moss H. Silverforb* for appellant.

652

*Green & Green* for respondents.

SMITH, J.—This cause was originally filed with the Circuit Court of Howell County, returnable to the October Term, 1940, of that court. It is a suit upon an insurance policy issued by the defendant company.

On October 7, 1940, being the first judicial day of the October Term of the Howell County Circuit Court, an application for a change of venue was filed by the defendant, and the cause was on that date sent to the Circuit Court of Douglas County. The original files were sent to Douglas County.

The record before us shows that on the first day of the January Term, 1941, of the Circuit Court of Douglas County, the defendant filed with the clerk of that court its demurrer to the petition of plaintiffs, which demurrer was on January 16, 1941, overruled, and on that date the matter coming on to be heard, the plaintiffs announced ready for trial, and the defendant being duly called, came not, but made default.

Thereupon a trial to the court was had, a jury being waived by the plaintiffs, and a judgment was had for the plaintiffs for Four Hundred Fifty ($450) Dollars, with their costs.

The record before us shows the following proceedings on February 10, 1941, with reference to above judgment:

"Now on this day this cause comes on to be heard, comes the defendant by attorney and by permission of the court and files motion to set aside the judgment heretofore rendered on the 16th day of January, 1941, and the court hearing said motion and being fully advised in the premises doth find that said judgment should remain in full force and effect in law, and that said motion is hereby overruled by order of the court.

"Now comes the defendant by attorney and files affidavit for appeal by permission of the court, and the court hearing and seeing the same, doth order said appeal granted to the Springfield Court of Appeals on the payment of a $10 appeal fee by defendant, and making a bond in the sum of $1,000 within 10 days to be approved by the clerk."

The record further shows that "on the 19th day of February, 1941, comes the defendant and files a surety bond in the sum of $1,000, and makes deposit of $10 in cash for appeal filing fee."

The record before us shows that on April 15, 1941, the above appeal was filed with the clerk of this court, by the clerk of the circuit court of Douglas County, and the filing fee of $10 was at that time by said clerk, paid to the clerk of this court. The clerk of this court at that time filed the appeal and made the same a matter of record of this court.

On September 19, 1941, there was filed with the clerk of this court a motion by the respondent asking that the judgment be affirmed, and

asking damages not exceeding ten percent of the amount of the judgment be awarded respondents for vexatious and frivolous appeal.

On September 30, 1941, there was filed with the clerk of this court what is designated as a "motion to strike cause from setting and re-set same." This motion, with affidavits attached, we quote, caption omitted, as follows:

"Comes now the above-named appellant and shows to the court that an appeal was taken from a judgment rendered against appellant in the circuit court of Douglas County at its January term, 1941; that under the provisions of Section 1193, Revised Statutes of Missouri 1939, this appeal was returnable to the October Term, 1941 of this court; that under the provisions of Section 1194 of said statutes, appellant had until or on before September 20, 1941, to file in this court a certified copy of the judgment and order allowing appeal; that no other person had any right or authority to file same; that this court acquires no jurisdiction over the cause until appellant files such transcript; that on or about April 15, 1941, the clerk of the Circuit Court of Douglas County from which said appeal was taken inadvertently and without the knowledge, consent or direction of this appellant, filed such transcript with the clerk of this court and this cause was set for hearing in this court on October 6, 1941; that such unauthorized filing conferred no jurisdiction upon this court and this cause is therefore improperly on the docket for October 6, 1941; that on or about September 10, 1941, this appellant (through H. E. Ryan, its local attorney) procured from said circuit clerk of Douglas County certified copy of judgment and order allowing appeal in the above cause, and sent it together with the docket fee to the clerk of this court when it learned for the first time that such transcript had been filed by said circuit clerk and that this cause was set for hearing on October 6, 1941; that under the provisions of Rule 12 of this court, appellant is required to deliver to respondent and file in this court, its abstract of the record at least thirty days before said cause is set for hearing; that at the time appellant first learned that this case was set for hearing on October 6, 1941, it was less than thirty days before said case was set, all as shown by affidavits in support of this motion, hereto attached and herewith filed; that this appeal was taken in good faith and appellant desires to prosecute same; that appellant is entitled to have this case stricken from the present setting; that this appellant has duly filed in this court certified copy of judgment and order allowing appeal and is entitled to have this case set for hearing based on the filing of proper transcript herein, at which time appellant will be prepared for such hearing and can and will comply with the rules of this court governing same.

"Wherefore appellant prays this Honorable Court to strike this cause from the present setting, and set same for hearing at the time it would have been set had such unauthorized filing not been made.

"Moss H. Silverforb   (Signed)

"H. E. Ryan         (Signed)

Attorneys for Appellant.

"State of Missouri } ss.
"County of Jackson }

"William D. Jackson, of lawful age being first duly sworn upon his oath states that he is President of Mutual Commerce· Casualty Company, appellant in the above entitled cause; that he has read the above and foregoing motion and that the matters and facts therein alleged are true according to his best knowledge, information and belief; that Moss H. Silverforb is general counsel of said appellant and when the above case was filed in circuit court it was turned over to said Moss H. Silverforb to defend; that this affiant and said appellant has given no directions or authority to anyone to do anything since it was turned over to said Silverforb; that this affiant and appellant had no knowledge that the case was set for hearing in this court on October 6, 1941 until about September 15, 1941; that said Silverforb had full authority to give such directions and take such action as he deemed advisable; that the appeal herein was taken in good faith with the intention of prosecuting same to a final decision by this Court.

"Wm. D. Jackson   (Signed.)

"Subscribed and sworn to before me this 29th day of September, 1941.

"Harold Waxma ` (Signed.)

"Notary Public in and for

Jackson County, Missouri

"My Commission Expires
"June 4, 1945

"State of Missouri } ss.
"County of Jackson }

"Moss H. Silverforb, of lawful age, being first duly sworn upon his oath states; that he is general counsel for defendant in the above entitled cause; that when suit was filed in circuit court the case was turned over to him; that he employed H. E. Ryan as local attorney, and Mr. Ryan took the appeal herein to this court and has taken all the steps therein; that he gave no instructions or directions to anyone in connection with said case, except Mr. Ryan; that he received no docket from this court and did not know the case was set for hearing for October 6, 1941, until about September 10, 1941, but was under the impression that the transcript had not been filed in this court; that he gave no one authority or direction to file the

transcript which he learned was filed on or about April 15, 1941, and did not know it was filed until about the above date (September 10, 1941); that the appeal herein was taken in good faith and with the intention of prosecuting same to a final decision by this court.

"Moss H. Silverforb    (Signed.)

"Subscribed and sworn to before me this 29th day of September, 1941.

"Harold Waxma    (Signed.)
"Notary Public in and for
Jackson County, Missouri

"My Commission Expires
"June 4th, 1945
"State of Missouri }
"County of Wright }

"H. E. Ryan, of lawful age being first duly sworn upon his oath states that he was and is local attorney for appellant in the above entitled cause; that he took the appeal in said cause to this court; that at no time did he authorize or direct the circuit clerk of Douglas County to file in this court a certified copy of the judgment and order allowing appeal herein or to pay the docket fee of this court; that he had no knowledge that same had been done until on or about September 9, 1941, when he procured from said circuit clerk a certified copy of the judgment and order allowing appeal herein and sent same, with docket fee, to the clerk of this court and was informed by said clerk that same had been filed on April 15, 1941, and that the case was set for hearing on October 6, 1941; that at that time it was less than thirty days from the date set for hearing so that it was impossible to comply with Rule 12 of this court; that he understood this case had not been filed in this court and for that reason did not look for it on the docket of this court; that said circuit clerk never at any time notified affiant that he had filed said transcript in this court; that no person was authorized to file said transcript; that this affiant filed in this court a proper certified copy of judgment and order allowing appeal, accompanied with the docket fee, on September 10, 1941; that this affiant has acted in good faith in this matter and desires to prosecute said appeal to a final decision by this court.

"H. E. Ryan    (Signed.)

"Subscribed and sworn to before me this 26 day of September, 1941.

"C. D. Shannon    (Signed.)
"Notary Public in and for
Wright County, Missouri.

"My Commission Expires
"December 16, 1943."

We have quoted at length the above, so there could be no question as to who had authority to act in this case, and also to show just what was done. There can be no question as to which attorneys had au-

thority to act, nor can there be any question but that an affidavit for an appeal was filed by the authorized attorney. This affidavit for appeal was filed by the attorney for defendant on February 19, 1941, and the $10 filing fee for this court was paid to the circuit clerk on that day. On April 15 the clerk of the circuit court filed the appeal with the clerk of this court. In this instance the clerk of the circuit court was performing his duty, for Section 1199 of the Revised Statutes of Missouri, 1939, specifically says, "When an appeal shall have been granted to any appellate court . . . the clerk of the court in which the judgment or decree appealed from is rendered . . . shall, without delay, make out and send to the clerk of such appellate court a complete copy of the record entry of judgment or decree appealed from and order granting the appeal."

That statute. is very specific as to the duties of the clerk of the circuit court with reference to sending the appeal to the clerk of this court. A reference to the dates will show that this appeal was sent in in less than two months after the defendant appealed.

The affidavits of the attorneys for defendant seem to imply, and it is the contention of defendant, that the clerk of the circuit court did not have authority to send the record entry of judgment or decree appealed from and the order granting the appeal at the time he did send the same. It is contended here that the circuit clerk acted without authority in so sending it to the clerk of this court, as shown by defendant's motion heretofore copied. It is contended that, what was done by the clerk of the circuit court, was contrary to the provisions of Section 1194, Revised Statutes Missouri, 1939, which provides, among other things, that "The appellant . . . shall cause to be filed in the office of the proper appellate court, in case of appeals fifteen days before the first day of the term of such court, . . . a perfect transcript of the record and proceedings in the cause, or in lieu of such transcript, a certified copy of the record entry of the judgment, order or decree appealed from in said cause, showing the term and day of the term, month and year upon which the same shall have been rendered."

This is exactly what was done in this case. The appellant, a corporation, acting through an agent, filed the affidavit for appeal and paid the filing fee as required by the statute. This authorized the clerk of the circuit court to transmit the appeal to this court, and the statute provides that the transmission shall be made without delay. As we read the statutes, in the light of what was done, we are forced to the conclusion that the appellant caused "to be filed in the office of the proper appellate court fifteen days before the first day of the term of such court . . . a certified copy of the record entry of the judgment, order, or decree appealed from in said cause." Since that is true and the appeal in this instance was, through the agents of the appellant, properly lodged with the clerk of this court

on the 19th day of February, 1941, there is no merit to defendant's motion to set aside the setting of this case and continue the hearing to the next term. For while it is the duty of the clerk of the circuit court to transmit appeals without delay, under one provision of our statutes, yet under another provision, it is the duty of the appellant to cause it to be transmitted within the time specified by the statutes.

Since the appellant, by filing the affidavit for appeal and by paying the fee of $10, caused the appeal to be taken, and since the case reached the office of the clerk of this court almost six months before the date for its hearing, and no attempt on the part of the appellant has been made to present the case to this court in any manner in keeping with the statutes of this State, or with our rules, the appeal should be dismissed. A case very much in point is one by this court, Downing v. Lashot et al., 206 S. W. 581. So in keeping with the provisions of our Rule 21, the appeal in this case is dismissed. This, of course, carries with it the overruling of respondents' motion to affirm the judgment and assess damages for vexatious and frivolous appeal. Appeal dismissed. *Blair, P. J.*, and *Fulbright, J.*, concur.