Stephan J. Glynias, Charles M. Schmidt, Douglas A. Copeland, Clayton, for relator.

Milton W. Schaeffer, Clayton, for respondent.

---

**EMIGH ENGINEERING COMPANY, INC. and Ward R. Emigh, Relator,**

v.

**The Honorable John R. RICKHOFF, Judge of Division 13, Circuit Court, St. Louis County, Missouri, Respondent.**

No. 41943.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 19, 1980.

STEWART, Presiding Judge.

This a proceeding in prohibition. We issued our preliminary writ of prohibition requiring the Respondent Judge to show cause why he should not be prohibited from proceeding in the cause of *Sam Bournstein et al. v. Emigh Engineering Company, Inc. et al.* We now make our rule peremptory.

The plaintiffs in the underlying action filed suit against defendants for damages. After a number of settings the cause was assigned to respondent's court for trial on July 23, 1979. There is some dispute as to facts that are not essential to our determination of this cause. The fact essential to our determination is that plaintiffs on July 23, 1979, dismissed the cause of action "without prejudice at Plaintiff costs."[1]

1. The dismissal reads: "Comes now Kelly Schaeffer and Granat, Inc. by Vernon T. Kelly and dismisses the above cause without prejudice at Plaintiff costs."

On the following day, July 24, 1979, counsel for plaintiffs appeared ex parte and the court entered the following order:

"By leave of Court first obtained, Plaintiff is granted leave to withdraw his dismissal memorandum.

For good cause shown and upon proper authority, this cause is re-instated on the trial docket."

The relators urge two reasons for making our writ peremptory; we only need to discuss one. Could the trial court by order set aside plaintiffs' voluntary dismissal and reinstate the case on the trial docket?

The answer to that question is controlled by Rule 67.01 as interpreted by the Supreme Court in *Garrison v. Jones*, 557 S.W.2d 247 (Mo. banc 1977).

"A civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence . . . " Rule 67.01. When a plaintiff files his dismissal memorandum no action is required on the part of the trial court to make the dismissal effective. The cause is dismissed forthwith. Such a dismissal is not a judgment of the court within the meaning of Rule 75.01. Once plaintiffs voluntarily dismissed the action there was nothing before the court upon which it could act. The order of the trial court of July 24, 1979 granting plaintiffs leave to withdraw their memorandum of dismissal and reinstating the case on the trial docket was a "nullity." *Garrison v. Jones, supra* at 250.

In view of our disposition of the case we overrule relators' motion for judgment on the pleadings and for the reasons stated above issue our peremptory writ of prohibition.

WEIER and SNYDER, JJ., concur.