583 F.Supp. 1577 (1984)
Kenneth C. HASTY, Plaintiff,
v.
PACCAR, INC., et al., Defendants.
No. 84-564C(1).
United States District Court, E.D. Missouri, E.D.
May 11, 1984.
*1578 Peter M. Mayer, Clayton, Mo., for plaintiff.
John P. Emde, Henry D. Menghini and Richard F. Huck, III, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on the motion of defendant Southwest Kenworth, Inc., to quash service of process on it and to dismiss the complaint as to it, on the ground that this Court lacks in personam jurisdiction over said defendant. For the reasons stated infra said defendant's motion is granted and the complaint is dismissed insofar as it states a cause of action against said defendant.
In passing on a motion to dismiss for lack of jurisdiction over a non-resident, a federal diversity court is required to engage in a two-step inquiry: first, whether defendant committed one of the acts enumerated in the long-arm statute; and second, whether the exercise of personal jurisdiction over defendant violates the due process clause of the fourteenth amendment. The Land-O-Nod Company v. Bassett Furniture Industries, Inc., 708 F.2d 1338 (8th Cir.1983); Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 312 (8th Cir.1982). Plaintiff, the party that is seeking to invoke federal jurisdiction, has the burden of establishing that jurisdiction exists, and this burden may not be shifted to the party challenging the jurisdiction. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982). While the facts are viewed in the light most favorable to the plaintiffs, "there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist...." Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir.1977) (citations omitted). See also Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir.1977) (plaintiff need only make a prima facie showing of jurisdictional facts through submission of affidavits plus discovery materials); 4 Wright & Miller, Federal Practice and Procedure: Civil § 1068 at 250 (1969).
Missouri's Long-Arm statute provides:
1. Any person or firm, whether or not a citizen or resident of this state, or any *1579 corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
(1) The transaction of any business within this state;
(2) The making of any contract within this state;
(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this state at the time of contracting.
2. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.
§ 506.500, R.S.Mo. (1982).
The due process clause of the fourteenth amendment places limits upon the power of a court to exercise personal jurisdiction over a non-resident defendant. The due process clause requires that a defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); Land-O-Nod, 708 F.2d at 1340. Accord World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). "In judging minimum contacts, a court properly focuses on `the relationship among the defendant, the forum, and the litigation.'" Calder v. Jones, ___ U.S. ___ at ___, 104 S.Ct. 1482 at 1486, 79 L.Ed.2d 804 (1984) (citations omitted). See also Helicopteros Nacionales de Colombia S.A. v. Hall, ___ U.S. ___ at ___ - ___, 104 S.Ct. 1868 at 1872, 80 L.Ed.2d 404 (1984). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World Wide Volkswagen, 444 U.S. at 297, 100 S.Ct. at 567. See also Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).
In this circuit, the due process standard has devolved into a consideration of five factors:
(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.
Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977). See Land-O-Nod, 708 F.2d at 1340. The first three factors are of primary importance and the last two are of secondary importance. Land-O-Nod, 708 F.2d at 1340.
This case was originally filed in the Circuit Court for the City of St. Louis, Missouri, and was subsequently removed to this Court pursuant to 28 U.S.C. § 1441(a). Plaintiff is a Missouri resident who brings this action against Paccar, Inc. (hereinafter "Paccar") and Southwest Kenworth, Inc. (hereinafter "Southwest") for damages sustained when an air tank incorporated in the truck plaintiff was driving exploded, thereby injuring him. The complaint states a claim sounding in products liability. According to the complaint, the defendants sold the truck to plaintiff's employer which truck plaintiff was driving at the time of the accident. Paccar has a registered agent in the City of St. Louis. Southwest, on the other hand, is an Arizona corporation with its headquarters located in Arizona. The accident occurred in Texas. Southwest was served in Arizona pursuant to the long-arm statute. There is no allegation in the complaint or in plaintiff's response to Southwest's motion which even remotely suggests that Southwest has any contacts with the State of Missouri or has *1580 done any of the acts enumerated in the long-arm statute.
In the opinion of this Court, it is clear that Southwest has not done any of the acts enumerated in the long-arm statute nor has plaintiff made a prima facie showing that one of said acts was done by Southwest. Accordingly, service of process must be quashed as to Southwest. Moreover, this Court is also convinced that this Court's exercise of in personam jurisdiction over Southwest would not comport with due process in view of the fact that Southwest has not had any contacts with Missouri. Plaintiff's response to Southwest's motion to dismiss contains citations to state venue and joinder statutes that are irrelevant to the in personam jurisdiction inquiry.
Furthermore, in view of plaintiff's utter failure to come forward with evidence of even the slightest connection between Southwest and the State of Missouri, so as to satisfy the long-arm statute and the requirements of the due process clause, Southwest may wish to file a motion to impose sanctions against plaintiff's counsel, Peter M. Thayer, in the amount of Southwest's costs and attorney's fees in defending this action to date. Rule 11 of the Federal Rules of Civil Procedure imposes a duty on attorneys appearing before this Court, as follows:
The signature of an attorney ... constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
Fed.R.Civ.P. 11. It appears that Mr. Thayer violated this duty as to Southwest by failing to make a reasonable inquiry as to the nature, quality or quantity of Southwest's contacts with Missouri or compliance with the long-arm statute. It matters not that this action was first filed in state court. The joinder of Southwest was not based upon a good faith inquiry into either the facts or the law supporting the exercise of in personam jurisdiction over Southwest by Missouri courts. As a result, Southwest has been put to considerable and unnecessary expense and trouble in obtaining the dismissal of plaintiff's complaint against it. Should Southwest decide to move for sanctions, Mr. Thayer will be given an opportunity to respond so that his due process rights are not violated. See Fed.R.Civ.P. 11, Notes of Advisory Committee on Rules (1983). See also Miranda v. Southern Pacific Transportation Co., 710 F.2d 516, 522-23 (9th Cir.1983).