Merle F. ZWEIFEL and Marilyn
Zweifel, Appellants,

v.

ZENGE AND SMITH, Attorneys J. Andy
Zenge, Jr., and Dennis W. Smith, attor-
neys individually and as members of
the law firm d/b/a Zenge and Smith;
and Dorothy N. Zenge, executrix of the
Estate of J. Andy Zenge, Jr., Respon-
dents.

No. WD 36323.

Missouri Court of Appeals,
Western District.

Nov. 12, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Dec. 24, 1985.

Application to Transfer Denied
Feb. 18, 1986.

Charles A. Powell, Jr., Macon, for appel-
lants.

Marion F. Wasinger, Hannibal, for re-
spondents.

Before TURNAGE, C.J., and SHAN-
GLER and MANFORD, JJ.

MANFORD, Judge.

This is a civil action for damages for
alleged attorney malpractice. This appeal

is taken from the dismissal of the petition for failure to file an amended petition within the time prescribed and allowed by Rule 67.06. The judgment of dismissal is reversed and the cause is remanded.

Appellants present two points which, in summary, charge that the trial court erred (1) in denying appellants' verified motion for leave to file a second amended petition and in ordering said petition stricken, and (2) in sustaining respondents' motion to dismiss appellants' first amended petition.[1]

A brief summary of the pertinent facts suffices.

This action originated in Lewis County and was transferred to Randolph County on a change of venue. Appellants' first amended petition was filed on October 25, 1982. Respondents moved to dismiss for failure to state a claim upon which relief could be granted. Motions for judgment upon the pleadings were presented and argued. On March 20, 1984, the trial court sustained respondents' motion to dismiss as to Counts I, II, and III of appellants' petition. The trial court further stated it would enter judgment on the pleadings unless appellants filed another amended petition on or before March 30, 1984.

Appellants' second amended petition bears a court stamp of April 5, 1984. In addition, there is a stamp of April 2, 1984, but the April 2, 1984, date is crossed through and written on the petition are the words "Not Filed". It should be noted that neither date complied with the court's order directing appellants to file their amended petition on or before March 30, 1984. The petition bearing the April 2, 1984 date was unsigned and it bore a Lewis County Circuit Court designation and case number. This petition was returned to appellants on April 4, 1984.

On April 19, 1984, respondents filed their motion for final judgment under Rule 67.06 based upon the trial court's dismissal and order of March 20, 1984, and appellants'

failure to timely file their second amended petition.

On May 29, 1984, a hearing was held on the parties' motions. A witness for appellants (Rufus Powell) testified that he delivered several documents addressed to the Circuit Court of Randolph County on March 30, 1984. He further stated that he took an envelope to the office of the Circuit Clerk, but it appeared that everyone had not returned from lunch. He further stated that he did not see the Circuit Clerk, but that he left the envelope with one of the "ladies" in the office. Appellants' attorney also testified that on March 29, 1984, he drafted a letter and sent the letter and a copy of the second amended petition to respondents' attorney. In addition, appellants' attorney testified that he put the petition (original of the second amended petition) in an envelope and took it home with him. He, in turn, asked his son to deliver the petition to the Clerk's office the next day, along with instructions for the son to call him once the petition was filed. He further testified that his son called him at 2:00 p.m. on March 30, 1984, informing him that the envelope had been delivered.

Under date of July 24, 1984, the trial court, by memorandum order, ruled that the second amended petition had not been timely filed. The court further ruled that the appellants submitted no evidence that they or their counsel should be excused from the requirement of timely filing. Appellants' verified motion for leave to file their second amended petition was denied and respondents' motion in objection to the filing of the second amended petition for failure to comply with the trial court's order of March 20, 1984, was sustained. The trial court ordered appellants' second amended petition (which was filed of record on April 5, 1984) stricken and in turn dismissed appellants' cause of action.

■ Under their point (1) appellants assert that despite the evidence, (that on the face of the second amended petition are two separate dates, April 2, 1984 and April

---

1. Formally, a third point was presented to this court, but by order of this court, it was ordered

stricken as not being in compliance with Rule 84.04(d).

5, 1984) the amended petition in fact arrived at the Circuit Clerk's office on or by March 30, 1984. This matter is ruled by the application of Rule 67.06, which reads:

Rule 67.06. Final Dismissal on Failure to Amend

On sustaining a motion to dismiss a claim, counterclaim or cross-claim the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect; in which cases amendment shall be made promptly by the party in default.

Requirements necessary to support a dismissal under Rule 67.06 have been set forth in *State ex rel. Graves v. House*, 649 S.W.2d 498, 501 (Mo.App.1983). These requirements are:

(a) The sustention of a motion to dismiss, coupled with the granting of leave to amend and the specification of a deadline for amending; (b) the failure to file timely an amended pleading; (c) the filing of the motion mentioned in the second sentence of Rule 67.06; (d) the entry of final judgment of dismissal with prejudice (except in cases of excusable neglect).

Under the facts and circumstances herein, the foregoing requirements were met by the trial court, to wit: (1) the court sustained respondents' motion to dismiss appellants' first amended petition by its order of March 20, 1984, and that same order granted appellants leave to file a second amended petition on or before March 30, 1984, (2) appellants failed to timely file an amended pleading, (3) respondents filed a motion for final judgment as required under the rule, and (4) the court, upon the whole of the evidence, found no showing of excusable neglect and entered its order rendering the dismissal final.

■ To the contrary, appellants assert that the second amended petition was timely filed. The record does not support that assertion and this court is bound to take the record as is. *Rahhal v. Mossie*, 577 S.W.2d 143, 145 (Mo.App.1979). The court in *Rahhal* ruled that "neither the affidavits nor the counter affidavits filed herein avail anything." The court referred to another ruling, *Lloyd v. Grady*, 180 S.W. 1032 (Mo. App.1915), which held: "We cannot consider the evidence plaintiff incorporated in the bill of exceptions to impeach the record by showing that the motion, in fact, was filed in time. If the record does not show the true fact, plaintiff should have moved for its correction nunc pro tunc." *Lloyd, supra* at 1033. Further, in *In the matter of Estate of Fisk*, 537 S.W.2d 828, 829 (Mo. App.1976), it was held that there is a difference between an order nunc pro tunc as to judicial acts performed by a judge, and an order nunc pro tunc to change the record concerning the performance of ministerial acts by other court officers. *Fisk* involved the changing of a record concerning the ministerial acts of the probate clerk. It was held that for this purpose parol evidence may be introduced, and if such evidence satisfies the court that a paper was actually filed when the court dates do not show it to have been filed as alleged, the court, upon that evidence, may enter an order nunc pro tunc to require the record to reflect the true date. *Fisk, supra* at 830.

In the instant case, the record shows on the face of the second amended petition, two dates (April 2, 1984 and April 5, 1984), with one date (April 2, 1984) being marked through. In contrast, appellants offered parol evidence by way of testimony from appellants' counsel and his son, asserting the second amended petition was filed as of March 30, 1984.

Review herein is within and pursuant to Rule 73.01 and the interpretation of that rule by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). In addition, the credibility of witnesses is deferred to the trial court. Under all the facts and circumstances herein, it cannot be said that the trial court's judgment was against the weight of the evidence, that the judgment was not supported by substantial evidence, or that the

trial court erroneously declared or applied the law. Simply, the evidence introduced by appellants simply failed, in the judgment of the trial court, to convince and/or persuade the trial court that the true date was, as asserted by appellants, March 30, 1984.

It is noted that under Rule 67.06, if an amended pleading is not filed within the time allowed by the court, a final judgment *shall be entered except in cases of excusable neglect.* In the instant case, the trial court concluded, and the evidence supports the conclusion, that appellants failed to show or establish excusable neglect. Appellants' point (1) has no merit and is ruled against appellants.

While the record clearly refutes appellants' assertion of a timely filed second amended petition, that does not rule the matter entirely.

Appellants, under their point (2), assert that the trial court erred in dismissing their first amended petition because said petition does state a cause of action. This court is thus required to review said first amended petition to determine if it, in fact, does state a cause of action.

While the trial court had inherent power to dismiss said petition, review by this court is for purposes of determining if the facts pleaded and reasonable inferences to be drawn therefrom when viewed in a light most favorable to the plaintiff (appellants herein) demonstrate any ground for relief. *Volume Services, Inc. v. C.F. Murphy & Associates, Inc.,* 656 S.W.2d 785, 789 (Mo. App.1983). In making the determination of whether a pleading states a claim for relief a reviewing court liberally construes averments and accepts as true all well pleaded facts and inferences favorable to the pleading party. *Rabon v. Michigan Mutual Insurance Co.,* 654 S.W.2d 648, 651 (Mo. App.1983).

The first amended petition herein alleges the employment of counsel, thus establishing a client-attorney relationship. Secondly, said petition further alleges counsel was ineffective for failure to sub-

mit or request submission of an excusable homicide instruction or any instruction on any theory of defense. Further, it is alleged the reversal of the criminal conviction was based upon ineffectiveness of counsel. The petition further alleges damages as a direct and proximate cause of counsel's negligence. Still further, said petition pleads a loss of consortium by appellant's wife based upon all allegations contained within Count I of the petition.

Applying the rules announced in *Volume Services* and *Rabon* to the first amended petition herein, it must be concluded that said petition does state a cause of action to withstand a motion to dismiss and the trial court erred in dismissing said first amended petition. Appellant's point (2) is sustained.

The judgment of dismissal is reversed and the cause is remanded for further proceedings, if any, in conformity with this opinion.

All concur.