STATE ex rel. J. Cecil FISHER, Lena
M. Fisher, Joe W. Fisher, and Sue
Fisher, Relators,

v.

The Honorable Ronald R. McKENZIE,
Judge of the Circuit Court of Monroe
County, Respondent.

No. 70038.

Supreme Court of Missouri,
En Banc.

July 26, 1988.

**558**

Jerome W. Seigfreid, Louis J. Leonatti, Ann P. Hagan, Paul A. Seigfreid, Mexico, for relators.

Thomas B. Alleman, Kansas City, Fairfax Jones, St. Louis, Edwin J. Carlton, Columbia, Marion Wasinger, Hannibal, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

HIGGINS, Judge.

The issue is whether the Circuit Court of Monroe County exceeded its jurisdiction by overruling plaintiffs' voluntary dismissal without prejudice, filed pursuant to Supreme Court Rule 67.01 before the introduction of evidence at trial. The trial court overruled plaintiffs' dismissal motion and retained jurisdiction in order to hear the parties' motions for sanctions and to permit the defendants to file a counterclaim. The court had no jurisdiction to overrule the dismissal motion because the plain language of Rule 67.01 provides a right of voluntary dismissal at the time the dismissal was filed in this case. The preliminary writ in prohibition is made absolute.

Relators filed their civil action for damages in 1982 alleging they had sustained property damage from exposure to the toxic chemical Paraquat, released by aerial application to a neighboring field owned by defendant Charles O'Laughlin. Relators subsequently alleged they also sustained personal injuries when the chemical drifted onto their property.

Estech, Inc., the company alleged to have arranged for the spraying of the O'Laughlin field, was subsequently joined as a defendant. Chevron Chemical Company, the manufacturer of the Paraquat, was joined as a third-party defendant by Estech. Relators then filed their fourth amended petition October 3, 1985, naming Chevron as an additional defendant. The other defendants named were James E. Rufener d/b/a Green Acre Crop Services, the company owning the airplane that applied the Paraquat; Spray Planes, Inc., the company that leased from Rufener the airplane used to apply the chemical; Charles O'Laughlin,

the owner of the field; and Terry Beautte, the pilot who applied the Paraquat.

Thereafter O'Laughlin filed a cross-claim against all defendants seeking indemnity for any judgment entered against him and in addition sought recovery for his attorney fees and expenses. Defendants Beautte and Rufener entered into a settlement agreement with relators; their motion for summary judgment against the claim of defendant O'Laughlin, based on the settlement agreement, was denied.

At the time relators' dismissal motion was filed, the following matters were pending: Chevron's cross-claim against Spray Planes, Inc.; Estech's cross-claim against Chevron; O'Laughlin's motion for summary judgment; relators' motion for sanctions against Chevron; Chevron's motion for a protective order; and Chevron and Spray Planes' joint motion for sanctions against relators.

Relators filed a motion to dismiss their fourth amended petition without prejudice on November 4, 1987. On November 5, 1987, the defendants filed objections to relators' dismissal motion and a counterclaim against relators. November 5 was also respondent's law day, and relators' counsel was present in court for another case when he was advised by respondent that objections to the dismissal motion, which had been filed without notice to relators, would then be heard. Counsel for relators objected to this proceeding and informed respondent that it was relators' position that no case was pending before the court because of the dismissal.

Respondent conceded relators' dismissal to be under Rule 67.01, yet proceeded to hear the matter over relators' objection. On November 13, 1987, respondent entered an order overruling relators' motion to dismiss and granting defendants leave to file the counterclaim they had delivered to the clerk on November 5, 1987. Thereafter relators filed a petition for writ of prohibition in the Missouri Court of Appeals. That petition was denied November 20, 1987.

On November 21, 1987, relators filed a motion to dismiss defendants' counterclaim which was denied by the respondent at a hearing November 31, 1987. Thereafter relators filed their own counterclaim, alleging defendants' counterclaim was frivolous. At about the same time relators filed interrogatories and requests for production of documents addressed to each of the counterclaiming defendants. On December 16, 1987, relators filed a motion for continuance to which defendant Estech responded by filing a motion for separate trial. The separate trial was subsequently granted.

■ Upon relators' application, this Court issued its preliminary writ in prohibition which prohibited the trial court from proceeding to trial. Relators now argue the preliminary writ should be made absolute because respondent acted without jurisdiction in its November 13, 1987, order refusing to allow the dismissal which complied with all the provisions of Rule 67.01:

> A civil action may be dismissed by the plaintiff without prejudice without order of the court any time prior to the introduction of evidence at trial....

There had been no trial at the time of the dismissal and relators argue that under *Garrison v. Jones,* 557 S.W.2d 247, 249 (Mo. banc 1977), they are entitled, as a matter of right, to dismiss their petition without prejudice. In *Garrison* the plaintiff's dismissal motion was overruled, as in this case. The Court held:

> Plaintiff-appellant had the right to dismiss the petition without prejudice at the time such was done in this case. That dismissal rendered the subsequent order of the circuit court, which overruled plaintiff's motion to dismiss without prejudice and sustained defendant's motion to dismiss with prejudice, a nullity.

*Garrison,* 557 S.W.2d at 249, 250.

*Garrison* was relied upon in *Emigh Engineering Co., Inc. v. Rickhoff,* 605 S.W.2d 173 (Mo.App.1980), where it was held the trial court could not set aside plaintiff's voluntary dismissal and reinstate the case on the trial docket because the court was without jurisdiction after the dismissal. The court explained:

When a plaintiff files his dismissal memorandum no action is required on the part of the trial court to make the dismissal effective. The cause is dismissed forthwith.... Once plaintiffs voluntarily dismissed the action there was nothing before the court upon which it could act.

*Emigh*, 605 S.W.2d at 174.

The same principle has been restated as follows:

"It is a well-settled rule that after a plaintiff has suffered a nonsuit or has dismissed his cause of action, no counterclaim existing, the court is without further jurisdiction.... The parties are out of court for every purpose other than to carry the order of dismissal or nonsuit into effect or to vacate or modify it.
* * *
"It is as if the suit had never been brought.... No steps can be taken upon the suit after dismissal.... Any steps taken thereafter are a nullity...."

*Bell v. Kitt*, 655 S.W.2d 881, 883 (Mo.App. 1983), *quoting with approval Bryan v. Smith*, 174 F.2d 212 (7th Cir.1949); *See also Samland v. J. White Transp. Co., Inc.*, 675 S.W.2d 92 (Mo.App.1984). These cases and the plain language of Rule 67.01 support relators' claim that they had a right of voluntary dismissal in this case.

Respondent claims these cases are distinguishable because none involved other claims, cross-claims, or counterclaims between the parties, as does this case. Respondent argues the trial court maintained jurisdiction over the parties by virtue of the pending cross-claims and counterclaims under Rule 67.05, which provides: "No dismissal, voluntary or involuntary, of a plaintiff's civil action in which a counterclaim or cross-claim has been filed shall operate to dismiss or discontinue such counterclaim or cross-claim." This rule preserves jurisdiction of the court over the remaining claims. Thus, respondent argues, the trial court had continuing jurisdiction to permit the defendants to file their counterclaim against plaintiffs subsequent to the filing of plaintiffs' dismissal. For authority respondent cites *Medallion Insurance Co. v.*

*Wartenbee*, 568 S.W.2d 599 (Mo.App.1978), which held: "Plaintiff's voluntary dismissal of his lawsuit does not operate to dismiss or discontinue a mandatory counterclaim, Rules 55.32(a) and 67.05; and ordinarily the court in which it was filed would remain the forum for the prosecution free from interference by a court of concurrent jurisdiction." *Id.* at 600.

*Medallion* does not support respondent's position because in *Medallion* defendant's counterclaim was filed before plaintiff's suit was voluntarily dismissed. Thus, the court had jurisdiction under Rule 67.05 to hear the claim. In this case the counterclaim was filed after the voluntary dismissal and the court did not have jurisdiction over the case to hear the counterclaim. *Garrison*, 557 S.W.2d 247; *Samland*, 675 S.W.2d 92; *Emigh*, 605 S.W.2d 173; Rule 67.01. Rule 67.05 is inapplicable because at the time of the dismissal there were no counterclaims pending.

This holding will not affect *State ex rel. Keeling v. Randall*, 386 S.W.2d 67 (Mo. banc 1964), where the Court harmonized Rule 67.01, authorizing plaintiffs' voluntary dismissal, and Rule 66.01(b), permitting consolidation of civil actions involving a common question of law or fact. The Court in *Keeling* prohibited the husband from dismissing, under Rule 67.01, his cause of action for loss of services from the consolidated action involving the wife's personal injury suit. In this situation the interest of justice and judicial economy become paramount and Rule 66.01(b) is given priority over Rule 67.01.

Respondent argues *Stubblefield v. Seals*, 485 S.W.2d 126 (Mo.App.1972), establishes that plaintiffs do not have an absolute right to take a voluntary dismissal without prejudice if the evidence shows the defendant would be injured. In this case it is argued defendants would be injured because the dismissal would not dispose of all claims between and among the parties and multiple litigation in different counties would result, defendants would incur the expense of redoing discovery, and defendants would be exposed to the risk of inconsistent rulings on the effect of the release

of defendants Beautte and Rufener. No evidence of these injuries was offered at the hearing, but respondent claims judicial notice of the court file and the facts contained therein as sufficient to establish such injuries.

*Stubblefield* is not controlling because it was interpreting section 510.130, RSMo Supp. 1943, which required a court order for a voluntary dismissal without prejudice. Rule 67.01, as amended, effective 1973 and 1981, establishes that the voluntary dismissal is a matter of right and that such can be taken "without order of court." Thus defendants' injuries are no longer a sufficient reason to overrule plaintiffs' dismissal motion. To the extent they are inconsistent with this opinion, *Stubblefield* and *Smith v. Taylor*, 289 S.W.2d 134 (Mo.App. 1956), are no longer to be followed.

■ Respondent argues relators cannot dismiss in these circumstances as such would result in the splitting of plaintiffs' cause of action because relators have filed a related counterclaim for frivolous suit. This argument, if correct, would be premature because the penalty for splitting a cause of action is that an adjudication on the first suit is a bar to the second suit. *Eugene Alper Const. Co., Inc. v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 135 (Mo.App.1983). And because relators' fourth amended petition must be dismissed, the court is without jurisdiction to hear defendants' counterclaim for frivolous suit. If defendants' counterclaim must be dismissed, the relators' counterclaim, alleging defendant's counterclaim is frivolous, must also be dismissed. Thus, relators could not split their cause of action in these circumstances.

Defendants argue if relators' dismissal is effective they will be harmed in that they will be prevented from filing their "mandatory" counterclaim based on the frivolous suit statute, section 514.205. That counterclaim could not be re-filed because the suit alleged to be frivolous must be pending.

■ This argument is not persuasive because in these circumstances it makes no difference whether the counterclaim is permissive or compulsory; the counterclaim was not filed before the dismissal and the court has no jurisdiction to hear it. Defendants are not without legal remedies because they can refile the counterclaim based on the frivolous suit statute if the main claim is reasserted or bring a separate action based on the abuse of process count.

Respondent next contends it had jurisdiction to overrule relators' dismissal because relators voluntarily appeared at the hearing on this matter November 5, 1987. Respondent argues a party enters an appearance in an action when he takes any part in the action and cites *Adamson v. Harris*, 726 S.W.2d 475, 478 (Mo.App.1987).

■ Respondent's argument fails to recognize that relators did not voluntarily appear. Relators' counsel was at respondent's regularly scheduled law day on November 5, 1987, for another case and was told by the court the matter would be heard. No notice had been given relators. Relators' counsel objected to the proceedings, informing respondent it was their position that no case was pending before the court because of the dismissal. This was sufficient to constitute an objection to jurisdiction. Rule 55.27 requires only that the objection to jurisdiction be raised prior to or contemporaneously with responsive pleadings or motions.

■ Respondent next contends it had jurisdiction because relators filed a counterclaim and sought discovery after their dismissal. Relators, however, were simply prudent in asserting what they believed to be a compulsory counterclaim for frivolous suit after the court overruled their dismissal motion. In every court appearance relators restated their jurisdictional objection without waiving the right to voluntarily dismiss. Thus, plaintiffs' counterclaim never constituted a waiver of the jurisdictional objection.

■ Neither did the discovery request constitute a waiver of the jurisdictional objection. A party who properly and timely raises his jurisdictional objection "may thereafter plead over, prepare for trial, uti-

lize all of the procedures available in preparation for trial, apply for or consent to continuances, changes of venue, etc., and actually try the case on the merits ... without the necessity of making the choice, upon the overruling of the jurisdictional motion, of withdrawing from the action and suffering a default judgment or waiving the jurisdictional question." *Greenwood v. Schnake*, 396 S.W.2d 723, 726 (Mo.1965).

■ Respondent next argues it retained jurisdiction because relators' dismissal only encompassed their fourth amended petition, not their prior, third amended petition, and thus the purported dismissal did not end the litigation. For authority respondent cites *Zweifel v. Zenge and Smith*, 703 S.W.2d 15 (Mo.App.1985), where the court dismissed plaintiff's petition based on claims of legal malpractice because it failed, in the trial court's opinion, to state a claim upon which relief could be granted. The plaintiff in *Zweifel* was given leave to amend his petition, but failed to file the amended petition within the allotted time. The court of appeals reversed finding plaintiff's original petition did in fact state a cause of action and that it was erroneously dismissed by the court. *Zweifel* is inapposite in that the court determined the original petition was erroneously dismissed and therefore would be reinstated. This case involves a voluntary dismissal, and thus there is no reason to reinstate the prior petition.

Respondent's argument concerning reinstatement of the prior petition is not consistent with Missouri law because by filing the amended petition the allegations in the previously filed petition are thereby abandoned. *Lightfoot v. Jennings*, 363 Mo. 878, 254 S.W.2d 596, 597 (1953); *Danforth v. Danforth*, 663 S.W.2d 288, 294 (Mo.App. 1983). Thus, at the time of the voluntary dismissal, plaintiffs' only cause of action pending was that stated in plaintiffs' fourth amended petition.

■ Respondents argue a writ of prohibition may not issue because the challenged action is discretionary and not subject to review by extraordinary writ unless such discretion has been abused. Rule 67.-01 and the case law interpreting it, however, reveal no language which grants discretion to the trial court to entertain a counterclaim after the case has been dismissed. The court loses jurisdiction over the case, and the court has no discretion to hear a counterclaim filed after the dismissal.

■ Respondent also argues under Rule 84.22 the writ of prohibition cannot issue because relators' remedy is by way of appeal. Respondents' argument fails because relators could not appeal until they proceed through a trial that the court has no jurisdiction to hear. A writ of prohibition will issue to prevent a trial court from acting in excess of its jurisdiction if such would produce "useless and unwarranted litigation." *State ex rel. Simmerock v. Brackmann*, 714 S.W.2d 938, 939 (Mo.App. 1986). Thus the writ of prohibition may properly issue in this case.

■ Respondent claims that the writ of prohibition cannot issue because the court of appeals is empowered to grant the relief requested. This claim, however, is specifically refuted by the Missouri Constitution, art. V, section 4, which grants this Court power to determine original remedial writs.

Because respondent has shown no reason why the permanent writ should not issue and Rule 67.01 permits plaintiffs to voluntarily dismiss their cause without prejudice, the preliminary writ in prohibition is made absolute.

BLACKMAR, DONNELLY, WELLIVER, ROBERTSON and RENDLEN, JJ., and MORGAN, Senior Judge, concur.

BILLINGS, C.J., not sitting.