**STATE ex rel. Charles J. McMULLIN, Relator,**

v.

**Honorable Harold L. SATZ, Chief Judge, Missouri Court of Appeals, Eastern District, Respondent.**

No. 70491.

Supreme Court of Missouri, En Banc.

Nov. 15, 1988.

Michael M. Flavin, T. Michael Ward, St. Louis, for relator.

John Gianoulakis, William A. Kohlburn, St. Louis, for respondent.

BILLINGS, Chief Justice.

Original action in prohibition to challenge the jurisdiction of the court of appeals to award sanctions after it dismissed the case. The Court concludes that the court of appeals acted in excess of jurisdiction and that its award of sanctions was a nullity. Preliminary writ in prohibition made absolute.

Relator, Charles B. McMullin, was the attorney for plaintiff Marian B. Sherrill in an equity action in the Circuit Court of the City of St. Louis. Judgment at trial was entered in favor of the defendants. Following trial, plaintiff, by telephone and in writing, did on September 24, 1987, inform McMullin that "under no circumstances will I appeal this case." Nevertheless, on December 14, 1987, McMullin appealed the case to the Missouri Court of Appeals, Eastern District. McMullin contends that he obtained plaintiff's permission to appeal. Plaintiff, by affidavit, states that she did not alter her position of September 24.

On December 17, 1987 plaintiff retained John Gianoulakis as her new attorney and signed a letter prepared by Gianoulakis discharging McMullin as her attorney. On January 8, 1988 Gianoulakis filed a memorandum with the court of appeals dismissing plaintiff's appeal.

On January 22, 1988, the court of appeals entered an order striking McMullin as plaintiff's attorney of record and dismissing plaintiff's appeal. The order specifically stated that "the Court does not reach the issue of whether costs and expenses of this appeal, including the attorney's fee for Mr. Gianoulakis, should be assessed against Mr. McMullin."

Thereafter, on January 27, 1988, Gianoulakis filed a motion for sanctions and attorney's fees pursuant to *Rule 55.03*. Respondent sustained the motion on March 24, 1988 awarding $6,887.40 in favor of Gianoulakis to be paid by McMullin. After unsuccessful attempts to vacate this order, McMullin sought a writ of prohibition from this Court and a preliminary rule issued.

*Rule 84.09* states that "an appellant may file a dismissal of his appeal in the appellate court at any time prior to the submission of the case in the appellate court."

Here, appellant Marian Sherrill filed a voluntary dismissal of her appeal on January 8, 1988, and the court dismissed the appeal on January 22, 1988. Once the court dismissed the appeal, it lost all jurisdiction over the case. *See State ex rel. Fisher v. McKenzie*, 754 S.W.2d 557, 558 (Mo. banc 1988), (a circuit court lacks jurisdiction to hear a motion for sanctions after a case is dismissed); *Garrison v. Jones*, 557 S.W.2d 247, 249–250 (Mo. banc 1977), (once a case is dismissed, any subsequent order issued by the court is a nullity); *Emigh Engineering Company, Inc. v. Rickhoff*, 605 S.W.2d 173, 174 (Mo.App.1980), (upon a voluntary dismissal there is nothing before the court on which it can act). These cases stand for the proposition that a trial court loses its jurisdiction and can take no further action after a plaintiff voluntarily dismisses his case. The same principle necessarily applies where the appellant voluntarily files a dismissal of appeal prior to submission of the case and the court dismisses the case.

*Rule 84.09* authorized the dismissal and the general rule is that the dismissal disposes of the whole case. 5 C.J.S. Appeal and Error, § 1384 (1958); *Lovins v. Mutual Commerce Casualty Co.*, 237 Mo.App. 651, 156 S.W.2d 955 (1941); *Bench v. Watts*, 109 S.W.2d 893 (Mo.App.1937); *Bowser v. City of St. Louis*, 182 S.W. 1066 (Mo.App.1916).

The court of appeals was without jurisdiction to enter the award and its order is a nullity.

Writ made absolute.

WELLIVER, ROBERTSON and RENDLEN, JJ., and GAITAN and CONLEY, Special Judges, concur.

BLACKMAR, J., dissents in separate opinion filed.

DONNELLY and HIGGINS, JJ., not sitting.

BLACKMAR, Judge, dissenting.

This is the first case involving our revised Rule 55.03, which became effective July 1, 1986. This rule was borrowed from the amended Rule 11, Federal Rules of Civil Procedure. The revised federal rule demonstrated concern about lawyer irresponsibility and our Court, in following the federal model, directed its attention to the same problem and modified our existing, toothless rule. The holding of the principal opinion, which does not give any attention to the history and purpose of Rule 55.03, unnecessarily restricts our courts in dealing with lawyers who abuse the processes of the Court by filing irresponsible papers.

The present Rule 55.03, with the 1986 additions shown in italics, reads as follows:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by

rule or statute, pleadings need not be verified or accompanied by affidavit. *The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.*

Rule 55.03, under the express provisions of Rule 41.01(a)(1), applies to cases in the courts of appeals, *Metropolitan St. Louis Sewer Dist. v. Holloran*, 751 S.W.2d 749 (Mo. banc 1988).

The relator entered into a rather unusual contract with Marian B. Sherrill, calling for the payment of a fee of $100. per hour or one-third of any recovery, whichever was the greater. The client also agreed not to settle or dismiss her suit without the consent of the relator and not to discuss the case with the defendants or others. The propriety of this contract and its compliance or noncompliance with Rule 1.5 of Rule 4, Rules of Professional Conduct, are not issues before us. By established law, however, no contract could deprive the client of her right to terminate the attorney's services or to bring an end to any litigation in which she was the plaintiff. If the client discharges the attorney the attorney's remedy must be by civil action. He is not entitled to continue the client's suit, against her wishes and instructions, as a means of collecting a fee.[1]

The file demonstrates, by the relator's admissions, that the client instructed him not to file an appeal from the adverse judgment and that he advised her that he would not comply with her instructions unless and until his fee was paid in full. He then filed a notice of appeal in the circuit court in accordance with Rule 81.04. This notice was effective to take the case to the court of appeals. The filing of the notice contrary to the client's instructions was a misuse of the processes of the court of appeals for his own purposes. The lawyer harassed his own client by perpetuating her status as a party to an appeal she did not want to be involved in. He did this by his signature on the notice of appeal, which, inasmuch as he is a lawyer, is accepted without question as the effective means for lodging the case in the court of appeals. The violation of Rule 55.03 is patent.

The client was then forced to retain other counsel, at substantial expense, in order to free herself from the appeal her former lawyer had improperly put her into. Her new counsel tried to do things the easy way by preparing a memorandum of dismissal for signature by himself, the client, and the relator. The relator persisted in his course of harassment by refusing to sign the memorandum. Not only this, in a document described by the court of appeals as "bordering on the frivolous," he opposed the dismissal, asserting his right to maintain the appeal in order to collect his fee. His conduct just described represents a further abuse of the processes of the court of appeals.

**1.** *See, e.g., Roberds v. Sweitzer*, 733 S.W.2d 444, 446–47 (Mo. banc 1987) (client may discharge attorney at any time; attorney's recourse limited to recovery of reasonable value of services rendered).

New counsel then filed a motion to strike the relator's appearance as counsel for Sherrill and to dismiss the appeal. The court granted the relief requested with an express reservation as follows:

> The Court does not reach the issue of whether costs and expenses of this appeal, including the attorney's fee for Mr. Gionoulakis, should be assessed against Mr. McMullin.

The court, in entering this order, appears mindful of its authority under Rule 55.03 to act "upon its own initiative." Nothing in Rule 55.03 indicates that the court, in exercising this power, could not oblige Sherrill by putting an end to her involvement in an appeal which she never desired, while still making use of its newly granted authority to impose sanctions against the attorney who misused its processes in order to harass his client.

Rule 55.03, as has been pointed out, is substantially the same as Rule 11, Federal Rules of Civil Procedure. When a statute or rule is borrowed from another jurisdiction it is appropriate to look to the construction of the provision in the place of its origin. *State ex rel. Kincannon v. Schoenlaub,* 521 S.W.2d 391, 394 (Mo. banc 1975); *Griffin v. State,* 684 S.W.2d 425, 427 (Mo.App.1984). The federal authorities hold, emphatically, that a court may retain jurisdiction to impose sanctions under Rule 11 even though the principal action has been dismissed. At the time we amended our rule we had available for consideration the opinion of Chief Judge Nangle of the United States District Court for the Eastern District of Missouri in *Hasty v. Paccar, Inc.,* 583 F.Supp. 1577 (D.C.E.D.Mo.1984), in which the court dismissed a case in which longarm service had been sought, and then invited the defendant to file a motion for sanctions under Rule 11. Judge Nangle held that authority under Rule 11 does not depend on jurisdiction over the principal case.

A like holding is *Davis v. Veslan Enterprises,* 765 F.2d 494 (5th Cir.1985), in which a removal petition was filed "without merit and in bad faith." The court remanded the case, over which it had no jurisdiction, and then proceeded to impose sanctions for the improper filing.

In *Szabo Food Service, Inc. v. Canteen Corporation,* 823 F.2d 1073 (7th Cir.1987), a plaintiff requested an expedited hearing and then, three hours before the scheduled hearing, undertook to dismiss the action without prejudice pursuant to Federal Rule 41(a)(1)(i), which is very much like our rule 67.01. The district court denied the defendant's motion for sanctions on the ground that it lacked jurisdiction following the voluntary dismissal. The court of appeals reversed, saying:

> An award of fees under Rule 11 is more like a sanction for contempt of court than like a disposition on the merits or even an award of costs. An award under Rule 11 is a "sanction" for violating a rule of court. The obligation to answer for one's act accompanies the act; a lawyer cannot absolve himself of responsibility by dismissing his client's suit.

In *Bastien v. R. Rowland & Co.,* 116 F.R.D. 619 (D.C.E.D.Mo.1987), our sometime brother, The Honorable George F. Gunn, imposed sanctions on litigants and their counsel for vexatious filing and maintenance of a lawsuit in which he had previously granted summary judgment, affirmed on appeal. The court of appeals affirmed the imposition of sanctions *sub nom. Lupo v. R. Rowland & Co.,* 857 F.2d 482 (8th Cir.1988).

These authorities, construing substantially identical statutory language, are highly persuasive. The authorities cited in the principal opinion, by contrast, consist of snippets from opinions construing other rules. The most recent case, *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557 (Mo. banc 1988), simply holds that a defendant may not keep a plaintiff in a case by filing a counterclaim after the plaintiff has filed a paper exercising his right under Rule 67.01 to dismiss the sole claim he has made, and to which no counterclaim had previously been filed.

*Garrison v. Jones,* 557 S.W.2d 247 (Mo. banc 1977), holds only that a court cannot dismiss a case with prejudice after the plaintiff has filed a voluntary dismissal.

The dismissal with prejudice would clearly deprive the plaintiff of the privilege conferred by Rule 67.01. *Emigh Engineering Co., Inc. v. Rickhoff,* 605 S.W.2d 173 (Mo. App.1980), holds that a case which the plaintiff has voluntarily dismissed cannot be reinstated at the plaintiff's request. These cases, along with *State ex rel. Fisher v. McKenzie, supra,* hold no more than that a court may not take action on the merits of a case after the plaintiff has taken steps to dismiss the case voluntarily under Rule 67.01. They do not purport to apply, and do not apply, to judicial action which does not touch the merits and deals only with the ancillary matter of sanctions.

Likewise unpersuasive are the authorities relating to dismissal of appeals. 5 C.J.S. Appeal and Error, Sec. 1384, cited in the principal opinion, states that the appellate court cannot "pass on the merits of the action" following dismissal of an appeal. The respondent made no attempt to pass on the merits. The several Missouri court of appeals cases cited in the encyclopedia long antedate the present Rule 55.03. In *Lovins v. Mutual Commerce Casualty Co.,* 237 Mo.App. 651, 156 S.W.2d 955 (Mo.App. 1941), the motion for sanctions was on file at the time the appeal was dismissed, and was presumably ruled with the case. Here, the court of appeals made it clear that the dismissal did not rule the matter of sanctions. None of the cases is persuasive when placed alongside the federal authority construing indistinguishable language.

One contention of the relator requires further consideration. He argues that the court of appeals could not properly impose sanctions on him without a hearing. Resolution of a factual dispute without a hearing is arguably a jurisdictional matter which could be considered in prohibition, but a party is not aggrieved by denial of a hearing when there are no genuine issues of fact. *Smith v. Smith,* 683 S.W.2d 651, 652 (Mo.App.1984); *Henkel v. City of Pevely,* 504 S.W.2d 141, 149 (Mo.App.1973). The propriety of sanctions is established by the documents signed by the relator and contained in the file. If he challenged the affidavits filed by his former client he should have presented counter-affidavits before the court of appeals acted. *See, e.g., Cherry v. City of Hayti Heights,* 563 S.W.2d 72, 75 (Mo. banc 1978); *Snowden v. Northwest Mo. State Univ.,* 624 S.W.2d 161, 169 (Mo.App.1981); Rule 74.04(e). The court may properly hold that his post-order filing came too late. My examination of the files persuades me that the imposition of sanctions is well supported by the record and within the court's jurisdiction. This makes prohibition inappropriate.

Sherrill may resort to a civil action, and the disciplinary authorities may want to ask relator some questions, but we should not subject her to a legal runaround and additional expense in order to obtain relief from the harassing, burdensome, and unprofessional conduct of her former attorney when we have a rule designed for the purpose. Rule 55.03 was adopted to protect against conduct of this kind. Sanctions under this rule have no necessary relationship to jurisdiction over the appeal and we should not burden the rule by additional requirements not found in the text.

The writ of prohibition should be quashed.