**In the Matter of Wilma Audene CRICK, Deceased.**

**Audie H. DUNNING, Appellant,**

v.

**James G. CRICK, Respondent.**

**No. 61699.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 12, 1993.

Russell A. Willis, III, Creve Coeur, for appellant.

Gerald J. Harvath, Pacific, for respondent.

CRIST, Judge.

Appellant, Audie H. Dunning (Brother), appeals the denial of his motion to dismiss his petition to determine the heirs of his sister, Wilma Audene Crick (Decedent). Brother also appeals the order determining James Gilbert Crick (Adopted Son) to be the sole heir and entitled to Decedent's real estate in Missouri, but subject to any lawful dispositions here before or here after made by Adopted Son. We reverse.

Decedent died January 14, 1990, and her will was probated in Kentucky. This will was not filed for probate in Missouri within one year after Decedent's death and, thus, was precluded from being probated by § 473.070, RSMo (Cum.Supp.1991). Brother and Adopted Son had entered into an agreement whereby Adopted Son had waived all interest in and to the property of Decedent in Kentucky and Missouri.

▪ Brother had a right to dismiss his petition to determine heirship before he introduced evidence. Rule 67.01. The probate court lost jurisdiction to determine heirship upon Brother's motion to dismiss, and Brother's challenge to that order is moot. *See* Rule 67.01; *State, Division of Family Services v. Coholan,* 706 S.W.2d 569, 570 (Mo.App.1986).

Adopted Son contends the probate court retained jurisdiction under Rule 67.05 because he had a counter-claim pending at the time of dismissal. Brother filed his petition to determine heirship alleging he was the sole devisee and heir under the

Kentucky proceedings. Adopted Son filed an answer admitting all allegations of the petition except paragraph 6 and denying that Brother was entitled to recovery under the allegations of paragraph 6. Without any allegations of fact, and without denominating his answer as a counter-claim or cross-claim, Adopted Son prayed the Missouri real estate be awarded to him as Decedent's heir.

■ The answer was not a counter-claim or cross-claim under Rule 67.05. *See* Rule 55.05. Since no counter-claim or cross-claim was pending when Brother dismissed his action, the probate court had no jurisdiction over the claim. *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557, 560 (Mo.banc 1988).

The denial of Brother's motion to dismiss is reversed. The order determining heirship is also reversed.

AHRENS, P.J., and REINHARD, J., concur.